10 U.S. 171
 6 Cranch 171
 3 L.Ed. 189
 THE UNITED STATES
v.
HALL AND WORTH.
 February Term, 1810
 
 1
 ERROR to the circuit court for the district of Pennsylvania, in an action of debt upon an embargo bond, dated December 29, 1807, the condition of which was, to reland certain goods in some port of the United States, 'the dangers of the seas only excepted.' The vessel on board of which the goods were laden, cleared out and sailed from Philadelphia, for East Portland, in the district of Maine, but, having encountered severe and tempestuous weather; her crew disabled in a great degree, she was obliged, in order to escape from the danger of Nantucket Shoals, to change her course, and to endeavour to gain the port of Charleston. The weather and the winds, however, were so severe and adverse that she could not make Charleston, nor any other port of the United States, and was obliged to bear away for the West Indies to obtain relief. She arrived at Porto Rico in distress. The governor ordered the cargo to be landed and sold, with which order the captain was obliged to comply, and did land and sell the same. She could not leave the island without considerable repairs, which were accordingly made.
 
 
 2
 The court below instructed the jury that these facts, if believed by them, were, upon the whole case, sufficient to bar the United States of their action. The verdict and judgment were accordingly for the defendants, and the United States sued out a writ of error.
 
 
 3
 The bona was taken in pursuance of the directions of the act of 22d of December, 1807, usually called the embargo act, (vol. 9. p. 7.) and before any of the supplemented acts on that subject were passed.
 
 
 4
 The third section of the act of March 12, 1808, (vol. 9. p. 71) provided that in every case where a bond had been given under the act of 22d of December, 1807, conditioned to reland the goods, &c. the parties should, within four months after the date of the same, produce to the collector a certificate of the relanding, &c. on failure whereof the bond should be put in suit, and judgment should be given against the defendants, 'unless proof shall be produced of such relanding, or of loss by sea, or other unavoidable accident.'
 
 
 5
 The seventh section of the act of January 9, 1809, (vol. 9. p. 190.) usually called the enforcing act, provides that in all cases where, under the act of 22d of December, 1807, a bond has been given to reland, &c. the parties shall, within two months after the date of the same, produce to the collector, a certificate of the relanding of the goods from the collector of the proper port; on failure whereof the bond shall be put in suit, and judgment shall be given against the defendants, 'unless proof shall be given of such relanding, or of loss of the vessel at sea. But neither capture, distress, or any other accident whatever, shall be pleaded or given in evidence in any such suit, unless such capture shall be expressly proved to have been hostile; and such distress or accident occasioned by no negligence or deviation, nor unless such vessel shall have been, from the commencement of the voyage, wholly navigated by a master, mate or mates, mariners and crew, all of whom shall be citizens of the United States, &c. &c.
 
 
 6
 Rodney, Attorney-General, and Jones, for the United States. In order to excuse the party he must show that the goods have been actually lost by the dangers of the seas. If the vessel were irresistibly driven by a tempest to Porto Rico, yet the goods arrived there in safety, and were not lost. The party had the full benefit of them, and probably at a higher price than if he had landed them in the United States. If the law of the 12th of March affects the case, yet it must be a loss by sea, or a loss by other unavoidable accident.
 
 
 7
 When the legislature particularly except certain cases, no other exceptions can be presumed. No loss can be said to be by the dangers of the seas, unless the sea be the proximate cause of the loss. Greene et al. v. Ensley, Peake's N. P. 61. 212. 4 T. R. 783. Bunb. 37.
 
 
 8
 The vested rights of parties may be varied by posterior laws. The prohibition in the constitution respecting ex post facto laws, applies only to criminal cases.
 
 
 9
 Hopkinson, contra.
 
 
 10
 1. This was a loss by the dangers of the seas; and,
 
 
 11
 2. We are entitled to the benefit of the act of 12th of March, 1808, by which unavoidable accident is an excuse.
 
 
 12
 1. The first embargo law means such a kind of a loss as prevents the relanding of the goods in the United States. It does not mean where the loss is occasioned by the immediate dangers of the element, but any loss to which vessels are exposed in consequence of the dangers of the seas.
 
 
 13
 Thus capture by pirates is a loss by one of the dangers of the seas. The expression has the same meaning in the act as it has in bills of lading. If this action had been upon the bill of lading instead of the bond, such an accident would have been a sufficient excuse to the master for not delivering the goods. So in a policy of insurance. Abbott, 155. Amer. edit. 2 Roll. Abr. 248. pl. 10. Marshall, 418. 1st edit. Abbott, 168. Carricks v. Cox. Binney's Rep. Sup. Court Pennsylvania. Marshall, 488. 2d edit.
 
 
 14
 The vessel was by the weather forced into Porto Rico. She could not return without repairs. She could not obtain repairs without leave of the governor. That leave could not be obtained but by obedience to his orders. His orders prevented the relanding of the goods according to the condition of the bond.
 
 
 15
 The case cited from Peake only snows that the loss was within the description of loss by capture, not that it was not a loss by the dangers of the seas. The case from Bunbury was a mere private trespass; so was that cited from 4 T. R. 783. It was not an act of the government. The insured had a private remedy against the trespassera.
 
 
 16
 2. We have a right to the benefit of the act of 12th of March, and are excused if prevented from relanding by any unavoidable accident.
 
 
 17
 There is a difference, as to ex post facto laws, between those which mitigate, and those which increase, the penalty.
 
 
 18
 The act expressly refers to bonds taken under the prior law. It does not mean loss by unavoidable accident, but prevention by such accident. The punctuation of the sentence, as printed in the statute book, favours this construction; but if it be doubtful, the court will lean against the penalty.
 
 
 19
 But the property was lost to the owner, within the meaning of the statute. He had no power over the thing itself; he could not bring it away. It is immaterial whether he obtained an equivalent, or not; the letter of the condition of the bond could only be satisfied by relanding the thing itself. A compliance with the condition was to him as impossible as if the goods had perished in the sea.
 
 
 20
 3. The act of January 9, 1809, cannot apply to this case so as to make that penal which before was justificable.
 
 
 21
 MARSHALL, Ch. J. stopped the counsel, and observed that the court would never consider the penal act as applying to previous facts, unless such construction be absolutely unavoidable.
 
 March 3.
 
 22
 MARSHALL, Ch. J. delivered the opinion of the court as follows:
 
 
 23
 This suit was instituted on a bond taken in pursuance of the original embargo act, with a condition that the cargo of the schooner Mary, a sea-letter vessel, should be relanded in the port of East Portland, or some other port of the United States, 'the dangers of the seas only excepted.'
 
 
 24
 Her cargo was not relanded within the United States, but was carried to Porto Rico and sold. The defendants allege that they were driven by stress of weather into Porto Rico, where the cargo was landed by order of the government; and they insist that the case is within the exception contained in the condition of the bond. The circuit court instructed the jury that, if they believed the testimony, it was sufficient in law, to bar the action. To this opinion the counsel for the United States excepted; and its propriety is now to be considered.
 
 
 25
 The improbability of the allegations made by the defendants is no longer the subject of inquiry. The jury have verified them, and the court must receive them as true. The testimony is, that the Mary was driven by tempestuous weather into a foreign port. That, while prosecuting her voyage, she encountered weather which so disabled both the crew and vessel, and put her in such a situation that, to escape Nantucket Shoals, 'she was obliged to change her course, and endeavour to gain a southern port.' She changed her course and bore for Charleston. But such was the condition of the crew and of the vessel, and so severe and so adverse were the winds, that she 'could not make Charleston, nor any other port of the United States, and was obliged to bear away for the West Indies, to obtain relief.'
 
 
 26
 The vessel, then, was driven into Porto Rico by the cause which forms the exception in the condition of the bond, and if the cargo had been lost at the mouth of the harbour, instead of entering the port, all would admit that the penalty of the bond had not been incurred. But it is contended that the dangers of the seas terminated on entering the port, and that no sufficient cause is shown for not bringing back the cargo to the United States.
 
 
 27
 The case states that the governor of Porto Rico issued an order that the cargo should be landed and sold, 'with which order the captain was obliged to comply.'
 
 
 28
 As this case is stated, the Mary was driven into Porto Rico, and the sale of her cargo, while there, was inevitable. The dangers of the sea placed her in a situation which put it out of the power of the owners to reland her cargo within the United States. The obligors, then, were prevented, by the dangers of the seas, from complying with the condition of the bond; for an effect, which proceeds inevitably, and of absolute necessity from a specified cause, must be ascribed to that cause.
 
 
 29
 It is the unanimous opinion of this court that there is no error in the proceedings of the circuit court, and that the judgment be affirmed.