27 P.3d 1225 (2001)
STATE of Washington, Respondent,
v.
Javier GARCIA, Appellant.
No. 23799-7-II.
Court of Appeals of Washington, Division 2.
July 27, 2001.
*1226 Manek R. Mistry, Backlund & Mistry (Court Appointed), Chehalis, for Appellant.
J. Andrew Toynbee, Lewis County Deputy Prosecuting Attorney, for Respondent.
HOUGHTON, J.
Javier Garcia appeals his conviction of custodial assault, arguing that the trial court applied the wrong self defense standard. We affirm.

FACTS
On May 10, 1998, Javier Garcia was an inmate at Green Hill School, a maximum security juvenile correctional facility. He participated in a food fight and was ordered to leave the cafeteria. A staff member asked Kory Malone, a security officer at Green Hill School, to help escort Garcia out of the cafeteria. Malone attempted to put Garcia in an "escort position," which was standard procedure. Report of Proceedings (Sept. 10, 1998) at 22. Garcia resisted and Malone attempted to employ a "two-hand hair hold takedown technique" which failed. Report of Proceedings (Sept. 10, 1998) at 23. Several witnesses testified that Garcia was cursing Malone and swinging his hands or fists while backing away. Garcia and Malone managed to put each other in headlocks; Malone eventually prevailed and forced Garcia to the ground with the help of other security staff members.
The State charged Garcia with two counts of custodial assault.[1] He claimed self defense and argued that he needed only to have reasonably perceived an apparent need to prevent an offense against himself. The State argued, and the trial court found, that Garcia needed to have actually faced imminent danger of serious injury or death to justify his use of force in self defense. The trial court found Garcia guilty of Count I but acquitted him of Count II. Garcia appeals.

ANALYSIS

State v. Bradley
Our Supreme Court recently decided that a person using force to defend against the actions of a correctional officer must show that he or she was in actual, imminent danger of serious injury or death. State v. Bradley, 141 Wash.2d 731, 10 P.3d 358 (2000). Garcia argues that Bradley does not apply in the context of juvenile facilities.
Garcia correctly notes that Washington courts recognize differences between juvenile and adult prosecutions and juvenile and adult *1227 incarceration facilities. But none of the cases he cites support his argument that juvenile prisoners pose different risks to security staff than adult prisoners. See State v. Schaaf, 109 Wash.2d 1, 4, 743 P.2d 240 (1987) (recognizing that juveniles have no right to jury trial and that juvenile proceedings, unlike adult prosecutions, are rehabilitative in nature); State v. Lawley, 91 Wash.2d 654, 591 P.2d 772 (1979) (same); State v. J.H., 96 Wash.App. 167, 978 P.2d 1121 (same), review denied, 139 Wash.2d 1014, 994 P.2d 849 (1999), cert. denied, 529 U.S. 1130, 120 S.Ct. 2005, 146 L.Ed.2d 956 (2000). Bradley relied, in part, upon the fact that prisons are volatile places entirely populated by criminals. Juvenile detention facilities are no different, and there is no policy reason to permit juvenile criminals to forcefully defend themselves absent actual, imminent danger if adult criminals cannot. Garcia's argument fails.

Due Process
Garcia further contends that applying the Bradley rule to him violates his due process right to fair warning that his conduct was criminal when it occurred. He argues that Bradley construed the law of self defense in an unforeseeable manner and that he had no fair warning that his conduct constituted a crime. See Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). A law abolishing an affirmative defense may violate the due process clause if applied to antecedent conduct because "it expands the scope of a criminal prohibition after the act is done." Collins v. Youngblood, 497 U.S. 37, 49, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). See also Beazell v. Ohio, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925) (stating same); United States v. Hall, 10 U.S. (6 Cranch) 171, 3 L.Ed. 189 (1810). The question is whether the Bradley decision was "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Rogers v. Tennessee, __ U.S. ___, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) (quoting Bouie, 378 U.S. at 354, 84 S.Ct. 1697) ((quoting JEROME HALL, GENERAL PRINCIPLES OF CRIMINAL LAW 61 (2d ed.1960))).
On May 10, 1998, as now, at least two self defense rules existed in Washington. The general rule allows the use of reasonable force in self defense by a person who reasonably believes he or she is about to be injured. Bradley, 141 Wash.2d at 736-37, 10 P.3d 358. See also 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 17.02, at 196 (2d ed.1994). The "arrest rule" allows the use of reasonable force to resist arrest, whether lawful or unlawful, only if the "arrestee is actually about to be seriously injured or killed." Bradley, 141 Wash.2d at 738, 10 P.3d 358 (quoting State v. Holeman, 103 Wash.2d 426, 430, 693 P.2d 89 (1985)). Garcia could not have expected another self defense rule to apply in the arrest context as none other existed.[2]
That our Supreme Court would adopt the "arrest rule" in analyzing a self defense claim against correctional officers was foreseeable, and it was not "unexpected and indefensible" to extend the "arrest rule" to defendants who, while not under arrest, are incarcerated by the State. Applying the Bradley rule to Garcia does not violate his due process right to fair warning of the conduct proscribed by RCW 9A.36.100.
Affirmed.
We concur: MORGAN, P.J., and SEINFELD, J.
NOTES
[1] RCW 9A.36.100(1)(a) proscribes the third or fourth degree assault of a person where the actor "[a]ssaults a full or part-time staff member or volunteer ... at any juvenile corrections institution or local juvenile detention facilities who was performing official duties at the time of the assault[.]"
[2] Garcia misreads precedent and finds three relevant self defense standards in Washington-the general rule, the "lawful arrest rule," and the "unlawful arrest rule." Appellant's Br. at 4. Washington draws no distinction between lawful and unlawful arrests when it comes to self defense. See State v. Valentine, 132 Wash.2d 1, 20-21, 935 P.2d 1294 (1997) (reaffirming Holeman, which limited self defense against lawful or unlawful arrest to situations where "the arrestee is actually about to be seriously injured or killed." Holeman, 103 Wash.2d at 430, 693 P.2d 89 (quoting State v. Westlund, 13 Wash.App. 460, 467, 536 P.2d 20, review denied, 85 Wash.2d 1014 (1975))).