## ART TUCKER v. STATE.

No. A-2292.   Opinion Filed September 22, 1917.

(167 Pac. 637.)

1. **INDICTMENT AND INFORMATION — Habitual Criminals — Sufficiency.** An information, in order to charge a crime under the Habitual Criminal Act, should contain allegations of fact setting forth that the offense charged is a second (or subsequent) violation of the law and that the person charged has been convicted in a court of competent jurisdiction. In this respect, the information must be definite and certain. An allegation that the person charged has been convicted of violating some prohibition law of the state is too general.

2. **CONSTITUTIONAL LAW—Criminal Law—Ex Post Facto Laws —Validity.** The act of the Legislature, declaring those who have been convicted more than once of violating the prohibitory liquor statute of this state habitual criminals, is not in conflict with section 10, article 1, of the Constitution of the United States nor

with section 15, article 2, of the Constitution of the State of Oklahoma, nor with section 7, article 2, of the Constitution of the State of Oklahoma.

3. **CRIMINAL LAW—Habitual Criminals—Statutes.** The act of the Legislature adding to the habitual criminal statute offenses against prohibitory liquor law enforcement acts is not intended ·to and does not apply to cases wherein full and complete pardons have been granted by the chief executive of the state as provided in the Constitution for all prior convictions.

4. **SAME—Punishment—Place.** All offenders, convicted under the provision of the act of the Legislature adding the violation of the prohibitory liquor law to the habitual criminal statute, should be punished by a fine of not less than $50 and imprisonment in the county jail for not less than 30 days, or by a fine not exceeding $1,000 and imprisonment in the state penitentiary not exceeding five years. Any punishment involving imprisonment for less than one year should be in the county jail. The statute fixes a fine as a part of the punishment in any event.

5. **SAME—Jurisdiction—Courts.** District and superior courts have exclusive jurisdiction to try offenders charged under the habitual criminal statute.

*Appeal from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Art Tucker was convicted of violating the prohibitory liquor law, and appeals. Reversed.

*A. L. Herr, Barefoot & Carmichael,* and *McAdams & Haskell,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Art Tucker, was convicted in the district court of Grady county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same and his punishment fixed at imprisonment in the state penitentiary for a term of five years. The charging part of the information upon which the conviction is based is as follows:

"That on or about said day and date and in said county and state the said Art Tucker and John Tucker, then and there being, did then and there willfully, unlawfully, and feloniously have and keep in their possession certain intoxicating liquors, to wit, about one hundred and sixty-eight gallons of whisky, with the unlawful and felonious intent upon the part of them, the said Art Tucker and John Tucker, to sell, barter, give away, or otherwise furnish said intoxicating liquors to others, in violation of the prohibition law of the State of Oklahoma; that the said Art Tucker, having heretofore, to wit, on the 4th day of May, 1911, been convicted of a violation of the prohibition law of the State of Oklahoma, in cause No. 514, in the county court of Grady county, State of Oklahome, said county court being a court having jurisdiction of said offense, and convicted on the 14th day of December, 1911, for a violation of the prohibition law of the State of Oklahoma, in the superior court of Grady county, Oklahoma, in causes Nos. 100, 99, 97, and 96, said superior court being a court having jurisdiction of such offense."

The first proposition to be considered is based upon the contention that the information does not state facts sufficient to charge the plaintiff in error with a felony. A demurrer was interposed to the information in due time. Among other grounds set forth, the court's attention was called to the fact that the information failed to state facts sufficient to constitute an offense against the laws of the State of Oklahoma; that it is indefinite, uncertain, and insufficient as to the allegation of former conviction; that the information upon its face failed to show facts sufficient to give the court jurisdiction of the crime it is attempted to charge.

As a general rule, in prosecutions under an habitual criminal statute, that is, one imposing a greater punishment for the second or subsequent offenses than for the

first, the fact that the offense charged is a second or subsequent violation must be 'directly averred in the indictment, information, or complaint, in order to justify a conviction as for a second or subsequent offense. See *Paetz v. State*, 129 Wis. 174, 107 N. W. 1090, 9 Ann. Cas. 767. It will be noted that the information in the case under consideration, after the charging part, contains the following averment:

"That the said Art Tucker having heretofore, to wit, on the 4th day of May, 1911, been convicted of a violation of the prohibitory law of the State of Oklahoma, in cause No. 514, in the county court of Grady county, State of Oklahoma, said county court having jurisdiction of said offense, and convicted on the 14th day of December, 1911, for a violation of the prohibition law of the State of Oklahoma, in the superior court of Grady county, Oklahoma, in causes Nos. 100, 99, 97, 96, said superior court being a court having jurisdiction of such offense."

It is contended by counsel that this allegation, in a legal sense, is meaningless; that all penal laws of the state are in effect prohibition laws, and in legal parlance it is generally so understood. The information does not allege that Tucker had been convicted of violating the prohibitory liquor laws of the State of Oklahoma. In our judgment, it should have alleged that the party charged had in some particular violated some provision of the enforcement acts of the prohibitory liquor law, and that he had been convicted therefor in a court having jurisdiction of the subject-matter and of the person of the accused. In *West Virginia v. Davis*, 68 W. Va. 142, 69 S. E. 639, 32 L. R. A. (N. S.) 501, Ann. Cas. 1912A, 996, it is said:

"The matter of a former conviction is an essential part of the indictment. It must be alleged and proven by the record, if not admitted by the defendant's plea, in

order to warrant a judgment for a second conviction. The court could not take judicial notice of a former conviction, as was apparently done in this case, even though such former conviction may have been had in the same court, and on a previous day of the term at which the present trial was had." See authorities cited.

It is essential to the validity of an information charging one with being an habitual criminal under the provisions of the statute involved that it contain an allegation that the accused has been convicted of violating some provision of the prohibitory liquor laws of the state prior to the commission of the offense charged. The information in question, having failed to properly so charge, is therefore defective. The demurrer should have been sustained.

The next proposition is based upon the contention that the act under which this prosecution is brought is in conflict with section 10, art. 1, of the Constitution of the United States, and section 15, art. 2, of the Constitution of the state. In this connection it is also argued that the act is repugnant to section 7, art. 2, of the state Constitution, under the construction placed upon the latter provision by the Supreme Court in *Ex parte Cain,* 20 Okla. 125, 93 Pac. 974; *Id.,* 1 Okla. Cr. 7, 93 Pac. 974. On the first proposition counsel cite and quote at length from *Calder v. Bull,* 3 Dall, 386, 1 L. Ed. 648; also *Kring v. Missouri,* 107 U. S. 221, 2 Sup. Ct. 443, 27 L. Ed. 506, and *Garnsey v. State,* 4 Okla. Cr. 547, 112 Pac. 24, 38 L. R. A. (N. S.) 600.

Discussing the proposition of what laws are *ex post facto* within the purview of the provision of the Constitution of the United States herein involved, the Supreme Court of the United States in *Calder v. Bull, supra,* said:

"First. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action. Second. Every law that aggravates a crime, or makes it greater than it was, when committed. Third. Every law that changes the punishment and inflicts a greater punishment, than the law annexed to the crime, when committed. Fourth. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender."

Scrutinizing with great care the act of the Legislature in question, we find that it conflicts with no principle announced in this opinion. In fact, it is sustained and supported by the doctrine laid down therein. In *Kring v. Missouri, supra,* the doctrine in *Calder v. Bull, supra,* was reaffirmed, and, discussing further the proposition involved in the Kring Case, it is said:

"In the case before us, the Constitution of Missouri so changes the rule of evidence that what was conclusive evidence of innocence of the higher grade of murder when the crime was committed, namely, a judicial conviction for a lower grade of homicide, is not received as evidence at all, or, if received, is given no weight in behalf of the offender. It also changes the punishment; for, whereas, the law as it stood when the homicide was committed was that, when convicted of murder in the second degree, he could never be tried or punished by death for murder in the first degree, the new law enacts that he may be so punished, notwithstanding the former conviction. But it is not to be supposed that the opinion in that case (*Calder v. Bull*) undertook to define, by way of exclusion, all the cases to which the constitutional provision would be applicable. Accordingly, in a subsequent case tried before Mr. Justice Washington, he said, in his charge to the jury, that an *ex post facto* law is one which, in its operation, makes that criminal which was not so at the time

the action was performed, or which increases the punishment, or, in short, which, in relation to the offense or its consequences, alters the situation of a party to his disadvantage.'   U. S. v. Hall, 2 Wash. C. C. 366 [Fed. Cas. No. 15,285]."

The latter case was carried to the Supreme Court of the United States, and the judgment affirmed, in 6 Cranch, 171, 3 L. Ed. 189.

The statute under consideration does not conflict with the doctrine in the Kring Case, which, as has been seen, reaffirmed the doctrine in *Calder v. Bull*, and elaborated thereupon.   The statute before us adds to the Habitual Criminal Act convictions for violating provisions of the Enforcement Acts, so that the net result of the entire matter is that those who persist in violating the prohibitory liquor law after having been once convicted are deemed habitual criminals and punished accordingly.   The fact that these offenses, when repeatedly committed, are deemed sufficient by the Legislature to constitute one an habitual criminal, in no way infringes upon any constitutional guaranty or vested right of any one.   The law questioned in this case does not infringe upon the guaranties contained in section 10, art. 1, of the Constitution of the United States, nor any other provision of the same, nor does this law conflict with any doctrine laid down by the Supreme Court of the United States in construing the same.   In *Garnsey v. State,* 4 Okla. Cr. 547, 112 Pac. 24, 38 L. R. A. (N. S.) 600, relied upon by counsel, it is said:

"The constitutional guaranty is a substantial right given by the law in force at the time the crime charged is alleged to have been committed, and any law which operates as a denial of this right alters the situation of the accused to his disadvantage, and is therefore *ex post facto*

.as to such crime. Adopting the language of Judge Denio, in *Hartung v. People,* 22 N. Y. 95: 'No one can be criminally punished in this country, except according to law prescribed for his government by the sovereign authority before the imputed offense was committed, and which existed as a law at the time.' A formal accusation is essential to every trial for crime. And, where the law requires a particular form of accusation, that form of accusation is essential. Without it the court acquires no jurisdiction to proceed. In the language of the Supreme Court of Massachusetts: 'Though it is desirable that all offenders against our penal laws should be punished, yet it is better that one should occasionally escape than that the fundamental principles of the criminal law should be violated.' *(Com. v. McDonough,* 13 Allen, 581.)"

There is nothing in the Garnsey opinion which supports the contention of counsel that the act under consideration violates the provisions of the Constitution of Oklahoma, *supra.* It does not undertake to change the status of the accused after the commission of the offense which renders him an habitual criminal, to wit, the second sale of intoxicating liquor. There is no reasonable construction which can be placed upon the same that would render it so. One who has been convicted of violating the law prior to the passage of the act is not tried for the prior offense, but is tried under the provision of the new law for being an habitual criminal, which the act declares is any person who has theretofore been convicted and punished for the same crime. Laws of this character are not of recent origin, nor are they unknown to the jurisprudence of this country. Statutes of similar import have been uniformly upheld by the courts wherever enacted. As said by the Supreme Court of the United States in *Moore v. State of Missouri,* 159 U. S. 673, 16 Sup. Ct. 179, 40 L. Ed. 301:

"Similar provisions have been contained in state statutes for many years, and they have been uniformly sustained by the courts."

In some states the fact that one has violated the criminal law in another jurisdiction and has been punished therefor can be and is made the foundation for prosecuting such violator as an habitual criminal in another jurisdiction, as was the case in *McDonald v. Commonwealth of Massachusetts*, 180 U. S. 311, 21 Sup. Ct. 389, 45 L. Ed. 542. In the latter case the court said:

"It is within the discretion of the Legislature of the state to treat former imprisonment in another state, as having the like effect as imprisonment in Massachusetts, to show that the man is an habitual criminal. The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only."

It is argued that the statute in question is in conflict with section 7, art. 2, of the Constitution, under the construction placed upon the same in *Ex parte Cain, supra.* In the Cain Case the Supreme Court was considering the constitutional provision in the absence of the aid of any statute. That opinion was not intended to, and does not, place any restriction upon the Legislature in connection with the punishment of persons charged with violating the prohibitory liquor laws, except that the punishment must include both fine and confinement in the minimum amount named in the constitutional provision. Besides, the proposition here under consideration is not required to stand upon the foundation that the person charged committed a misdemeanor by making a single sale of intoxicating liquor. He is charged with a felony on account of his being an habitual criminal by reason of the fact that he

has continually committed misdemeanors by having violated the provisions of the prohibitory liquor law more than once and having been convicted of such charge at least once prior to the filing of the information charging him with violation of the law under consideration. The crime is established under the statute when the proof shows, first, a sale (or other violation of the liquor law) ; and, second, that the offender had, prior to the act complained of, been convicted for a violation of the same law.

Counsel argue that in the case of *Nowakowski v. State,* 6 Okla. Cr. 123, 116 Pac. 351, a doctrine is laid down which vitiates the statute under consideration, for the reason that the punishment named is a fine of not less than $50 and 30 days in the county jail nor more than $1,000 and five years in the penitentiary, and argue that under this statute the offender should be confined one hour, one day, one week, etc., in the state penitentiary as complete punishment, and that therefore the confinement of 30 days in prison provided for by the Constitution should be evaded. This court is of opinion that the punishment of all offenders wherein the confinement is less than one year should be in the county jail, and where the confinement is more than one year it should be in the state penitentiary, and that no court is authorized to impose a confinement of less than thirty days in the county jail in any event, nor less than one year in the penitentiary in case a penitentiary sentence is imposed, in so far as imprisonment is concerned, and that the act of the Legislature in question did not intend otherwise.

It is argued, also, that the statute in question is unconstitutional for the reason that a person could be punished as an habitual criminal, although he had been par-

doned of the prior offense by the Governor. This contention is also without foundation. One who has been convicted of crime in this state, and has received a full and complete pardon by the Governor thereof, could not be prosecuted as an habitual criminal for another violation of the law. As was said by this court in *Re Crump*, 10 Okla. Cr. 133, 135 Pac. 428, 45 L. R. A. (N. S.) 1036:

"A pardon is an act of grace and mercy, bestowed by the state through its chief executive upon offenders against its laws after conviction, and a full, unconditional pardon reaches both the punishment prescribed for the offense and the guilt of the offender; it obliterates in legal contemplation the offense itself, and hence its effect is to make the offender a new man." ;

And again:

"The doctrine of the authorities is that in contemplation of law, it so far blots out the offense that afterwards it cannot be imputed to him (the convict) to prevent the assertion of his legal rights. It gives him a new credit and capacity, and rehabilitates him to that extent in his former position, and hence its effect is to make the offender a new man."

The statute in question is not intended to, and does not, apply in a case wherein a full and complete pardon has been granted. This, of course, does not arise in the instant case, but would be a matter of defense. When in the course of a trial this issue is raised, and it becomes conclusively established that the accused has been pardoned of all prior offenses against the penal law involved in the charge, he would be entitled to a discharge by the trial court. No right of this class of offenders is taken away or interfered with. The law complained of is a valid, existing penal provision, and not in conflict with any original act of constitutional guaranty.

The next proposition is based upon a complaint against the judgment imposed. The judgment of the court imposes only imprisonment in the state penitentiary for a term of five years as a punishment. The section of the statute fixing the punishment for the crime charged (Sess. Laws 1913, c. 26, sec. 2) is as follows:

"For the second * * * conviction for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty dollars, nor more than two thousand dollars, and by imprisonment of not less than thirty days in the county jail, nor more than five years in the state penitentiary. * * *"

The verdict of the jury is as follows:

"We, the jury, drawn, impaneled, and sworn in the above-entitled cause, do upon our oaths find the defendant, Art Tucker, guilty as charged in the information herein, and fix his punishment at imprisonment in the state prison for a term of five years."

The judgment of the court conforms to this verdict. In the motion for a new trial one of the grounds set up is as follows:

"That the court erred in receiving the verdict of the jury, said verdict being absolutely void, for the reason that the jury failed to assess a fine as a part of penalty in said cause."

In the case under consideration the state plainly fixes as a part of the punishment a fine. The court should have refused to receive the verdict of the jury until the jury had returned to the jury room and fixed a fine as a part of the punishment.

It is contended that the district courts of this state have no jurisdiction to try offenders against the provisions

3-14

of the statute providing for second or subsequent convictions of the prohibitory liquor laws, because it was held in *Ex parte Cain, supra,* that the constitutional provision providing for state-wide prohibition fixed a penalty which made the offense a misdemeanor. It is the opinion of this court that the provision of the Constitution providing a minimum punishment for violations of the prohibitory liquor laws was not intended as a limitation upon the power of the Legislature to provide a maximum punishment which might take these offenses out of the category of misdemeanors and into that of felonies, and where the Legislature has provided a maximum punishment for an offense which is or may be imprisonment in the penitentiary under our statutes, such an offense is a felony, and the district courts have jurisdiction to try the same. This is true, although the accused may be convicted of the included misdemeanor. *Suitor v. State,* 6 Okla. Cr. 305, 118 Pac. 412.

The judgment is reversed, and the cause remanded, with directions to grant a new trial.

DOYLE, P. J., and MATSON, J., concur.