## LEE FOWLER v. STATE.

No. A-2467.   Opinion Filed February 25, 1918.

(170 Pac. 917.)

INDICTMENT AND INFORMATION—Habitual Criminal—Sufficiency.
An information, in order to charge a crime under the Habitual
Criminal Act (Laws 1910-11, c. 70, sec. 18), should contain allega-
tions of fact, setting forth that the offense charged is a second
or subsequent violation of the law, and that the person charged
has been convicted in a court of competent jurisdiction. In this
respect, the information must be definite and certain.

*Appeal from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Lee Fowler was convicted of violating the prohibitory
liquor law, and he appeals.   Reversed.

*A. K. Swan,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was convicted upon
an information which, omitting merely formal parts, al-
leges:

"That Lee Fowler did, in Stephens county and in the
State of Oklahoma, on or about the 25th day of June in the
year of our Lord 1914, and anterior to the presentment
hereof, commit the crime of selling whisky in the manner
and form as follows, to wit:   That Lee Fowler did will-
fully, unlawfully, and feloniously sell to P. W. Allred
one pint of Hill & Hill whisky; that on the 19th day of
January, 1914, the said Lee Fowler entered a plea of guilty
in the county court of Stephens county, Okla., to the
charge of conveying intoxicating liquors in violation of the
prohibitory laws of the State of Oklahoma, contrary to,"
etc.

The jury rendered the following verdict:

"We, the jury, drawn, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant, Lee Fowler, guilty as charged in the information herein, and fix his punishment at a fine of $50, and by imprisonment in the state penitentiary for the term of one year and one day."

To reverse the judgment rendered in pursuance of the verdict, the defendant appeals.

The errors assigned are that the verdict is contrary to the law and the evidence; that the information is insufficient in that it does not state facts sufficient to charge a felony, for which reason said district court was without jurisdiction; that the court erred in admitting in evidence the journal entries of two judgments of former convictions.

The evidence for the state, briefly stated, was as follows:

P. W. Allred testified that on the 25th day of June, 1914, in the city of Duncan, he bought a pint of Hill & Hill whisky from the defendant, Lee Fowler; that he gave the whisky to J. T. Brown, who appears to be the complaining witness.

The clerk of the county court of Marshall county was then called and sworn, and produced and identified the journal entry of judgment in case No. 1241, filed in said county court, wherein Lee Fowler entered a plea of guilty to the charge of conveying intoxicating liquors, and reciting that, on May 22, 1913, judgment was entered and defendant was sentenced to be confined in the county jail for 30 days and to pay a fine of $50, which journal

entry of judgment was offered in evidence. Thereupon the record is as follows:

"Mr. Swan: We object to the introduction of this judgment for two reasons: First, the information does not allege that any judgment was ever rendered; it alleges that the defendant pleaded guilty; it does not state that any judgment was ever entered; and the other objection is that this is a conviction for a different offense to the one charged in the information in this case."

The clerk of the county court then produced another judgment, rendered on the 19th day of January, 1914, wherein upon his plea of guilty to the charge of conveying intoxicating liquors, Lee Fowler was sentenced to be confined in the county jail for 30 days and pay a fine of $75. To the introduction of this judgment the same objections were made.

We think the court erred in admitting in evidence the journal entry of judgment of the county court rendered May 14, 1913, because the information does not contain an allegation that the defendant had been convicted of violating the prohibitory liquor law at that time. However, it appears that the information does not properly allege a former conviction. The only allegation is:

"That on the 19th day of January, 1914, the said Lee Fowler entered a plea of guilty in the county court of Stephens county, Okla., to the charge of conveying intoxicating liquors in violation of the prohibitory laws of the State of Oklahoma."

Entering a plea of guilty is not a conviction, and for this reason the information is insufficient to charge a felony under the Habitual Criminal Act (Laws 1910-11, c. 70, sec. 18). In *Tucker v. State, ante,* p. 54, 167 Pac. 637, it is held that:

"An information, in order to charge a crime under the Habitual Criminal Act, should contain allegations of fact setting forth that the offense charged is a second, or subsequent, violation of the law, and that the person charged has been convicted in a court of competent jurisdiction. In this respect the information must be definite and certain."

It is our opinion that the absence of a direct and positive allegation of the defendant's previous conviction in a court of competent jurisdiction is a fatal defect, and this absence cannot be supplied by any intendment, inference, or implication. In the absence of such allegation the district court was without jurisdiction to render the judgment appealed from. The judgment is therefore reversed.

ARMSTRONG, J., concurs; MATSON, J., not participating.