BILL BROWDER v. STATE.

No. A-3003.   Opinion Filed December 3, 1918.

(176 Pac. 96.)

CRIMINAL LAW—Habitual Criminal—Insufficiency of Evidence—Former Conviction. In a prosecution under the Habitual Criminal Act, held evidence insufficient to support the verdict and judgment of conviction, in that no proper or competent proof of a former conviction was introduced in evidence.

*Appeal from District Court, Stephens County;*
*Cham Jones, Judge.*

Bill Browder was convicted under the Habitual Criminal Act, and he appeals. Reversed.

*J. B. Wilkinson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted in the district court of Stephens county on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, alleging that the offense charged was a second and subsequent violation of the prohibitory law, in that defendant had been convicted in the county court of Stephens county on an information, and alleging the filing of said information, the trial, verdict of guilty, and the judgment and sentence rendered in pursuance of said verdict. The jury failed to agree upon the punishment, and the court sentenced the plaintiff in error to imprsonment in the penitentiary for the term of two years and that he pay a fine of $50. To reverse the judgment an appeal was perfected by filing in this court on May 9, 1917, a petition in error with case-made.

The Attorney General has filed the following confession of error:

"We have read every line of the case-made, and are familiar with each step taken in the case.

"There is no motion or demurrer against the information.

"After our investigation, though we are well satisfied of defendant's guilt, we are not ready to say that he has been tried according to law.

"The information is brought under our statute made for the purpose of punishing repeated crimes and cumulative offenses. See Bishop on Criminal Law, 1-959. Most

of the states have these statutes, and most of the statutes differ from each other; hence the difficulty of their construction, and of laying down any general mode of procedure in cases of this kind.

"Our own statute at this time is embraced in section 2 (16), chap. 26, Laws of 1913, page 46. This was based on the Acts of 1911. Our own court has passed on some features of our statute, among other things holding that it is constitutional, that it does not put a defendant twice in jeopardy, and that these offenses must be sufficiently pleaded. See *Tucker v. State,* 14 Okla. Cr. 54, 167 Pac. 637; *Fowler v. State,* 14 Okla. Cr. 316, 170 Pac. 917.

"It will be seen at once that there must be two or more offenses charged and proved to sustain a conviction.

"In the information in this case a former offense is charged as having taken place in March, 1913, but no record of that case is set out except the verdict of the jury, which reads as follows:

" 'In County Court of Stephens County. *State of Oklahoma v. Bill Browder,* Defendant. No. 1235. We the jury, drawn, impaneled and sworn in the above-entitled cause, do upon our oaths find the defendant guilty as charged in the information herein leave punishment to be assessed by the court. [Signed] W. M. MILLER, *Foreman.'*

"No other portion of the record in that case is proved. We think that this is insufficient. While the practice in this line of cases is not settled in this state, nor in any other that we have been able to find, perhaps upon the account of the difference in statutes, we think that the record of the former conviction should be pleaded in the original indictment or information and should be admitted to the jury as proof. Were we asked the question as to what the record is, we would say that it embraced at least what is embraced in the transcript of appeal as set out in section 5960, R. L. We are certain that it should embrace the information, or indictment, in the case, and also the judg-

10—15

ment following the verdict. See Plea. & Prac. 11-1122; *Corpus Juris*, 16-1344; Cyc. 22-357.

"By looking at the information in this case we could know what the charge was in the county court case of 1913, but we could never tell it by looking at the verdict, which was the only paper out of that old case read to the jury. See *Corpus Juris*, 16, p. 1342, sec. 3159.

"We would apprehend that by parity of reasoning the procedure in pleading these various offenses should follow, or be similar to the plea of *autrefois* convict and *autrefois* acquit. See Bishop's New Procedure, secs. 809-815. These necessarily include the information, or indictment; the plea, the verdict and the judgment.

"Had we been consulted as to the practice in these cases of habitual criminals and cumulative offenses, we should have unhesitatingly said let the court with jurisdiction try each separate case; and then when the number was sufficient go into the district court where felonies may be tried and alleged in the indictment or information the offense committed in each case with about the same particularity as laid down in the works on practice for former acquittals and former convictions.

"Ending this point of the confession, we say that we do not think the conviction as alleged of March, 1913, was sufficiently pleaded in the case at bar.

"Then the other point of the case was that the district court tried the defendant in a misdemeanor case; and in trying him we fear it made an error.

"Bill Browder had his two friends (as we think), Homer O'Neal and Fred O'Neal, to come to his house, bringing two or three valises of whisky in pint bottles. They got there about midnight, called Bill up, stayed all night, left the next morning without breakfast, but did not carry with them the whisky. The officers had got wind of the visit of these young gentlemen, made a raid, captured the whisky there in Bill's house with nobody

present but Bill's wife and children. Bill himself was gone; swears he didn't know one thing about what was in the valises, and pleads utter innocence. True, Bill had been convicted before for violating the whisky laws; Bill admits this. The O'Neal boys had also been caught on whisky charges and Fred had got away.

"We apprehend some danger of this being the requisite kind of possession; but even if the possession was completely proved, there is another element that goes to make up guilty possession that is not anywhere shown in the record; and that is the intent on Bill's part to violate the law. Guilty possession means the possession plus the guilty intent. As a fact we think privately that Bill was guilty. We do not think that his guilt is either correctly charged or sufficiently proved. Therefore we confess error."

Upon a careful examination of the record, our conclusion is that the evidence is insufficient to sustain the conviction, in that no proper proof of a former conviction was introduced in the case, and for this reason the confession of error should be sustained.

The judgment is therefore reversed.