## JOHN MARTIN v. STATE.

No. A-4987.   Opinion Filed April 8, 1925.
(234 Pac. 795.)

(Syllabus.)

**Habitual Criminals—Evidence of Former Conviction Insufficient.** In a prosecution where it is sought to impose the increased punishment prescribed by statute (section 6991, Comp. St. 1921) for second and all subsequent convictions, for the violation of any provision of the prohibition enforcement act, held, evidence insufficient to support the verdict and judgment of conviction, in that no proper proof of a former conviction was made.

Appeal from District Court, Ottawa County; J. J. Smith, Judge.

John Martin was convicted of unlawfully transporting intoxicating liquor, second offense, and he appeals. Reversed.

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged "that on the 12th day of January, 1921, said defendant was duly charged by information filed in the county

court of said Ottawa county, case No. 1140, with the unlawful possession of intoxicating liquor, on the 11th day of April, 1920; that thereafter, on the 16th day of April, 1921, said cause coming on regularly for trial, said defendant was by a jury duly impaneled and sworn to try said cause found guilty as charged in said information, and was thereupon by said county court on April 18, 1921, sentenced to imprisonment in the county jail of said county for a period of 30 days and to pay a fine in the sum of $300, and thereafter, on or about the 24th day of March, 1923, the said defendant then and there being did then and there willfully, unlawfully, and feloniously transport two one-half pints of whisky from some unknown place within the state of Oklahoma to another place, just north of Henry Manifold's Plumbing Shop between Third and Fourth street on Main street in the city of Picher, Ottawa county." On the trial the jury returned a verdict finding him guilty as charged in the information, and fixing his punishment at imprisonment in the penitentiary for a term of 3 years and a fine of $50. From the judgment returned on the verdict he appeals.

Of the various errors assigned and argued in the brief we deem it only necessary to consider the one that the evidence is insufficient to sustain the conviction, in that no proper proof of a former conviction was introduced in the case. The evidence offered to show that defendant had been formerly convicted is as follows:

Geo. M. Henderson, court clerk, called as a witness for the state, produced the files in case No. 1140, including an information jointly charging John Martin and Jimmie Farr with unlawful possession of intoxicating liquor, to wit, two gallons of Jamaica ginger,

and the verdict of the jury filed April 16, 1921. He then testified as follows:

"Q. I will ask you to examine the Minute Book 2A. (Over defendant's objection the same was read into the record.) 'No. 1140. Defendant present and sentenced to pay a fine of $300 and costs, and to serve 30 days in the county jail. Commitment ordered issued.'

"The Court: Is that the sentence pronounced on the verdict of the jury by the court verdict already identified by you as Exhibit 'B'? A. Yes, sir.

"(The defendant moves that the record and testimony of the witness be stricken, for the reason it is incompetent.)

"The Court: Request denied. (Objection overruled. Exception.)

"Q. That is on page 374? A. Yes, sir; under date April 18, 1921.

"Q. I wish you would turn to page 380 and see what you find with reference to case No. 1140 and under what date? A. Under date July 5, 1921, case No. 1140 appears to have been set for trial July 18, 1921.

"Q. Turn to page 385 and see what you find there under date of July 18, 1921, with reference to case No. 1140. A. Case No. 1140 was stricken from the trial calendar on July 18, 1921. This particular case was, yes, sir.

"By the Court: Let's get down to business now. Can you tell from your records whether this man was sentenced on this charge or not? A. I can't tell whether it is Martin or the other man that was sentenced.

"The Court: Now have you the record showing whether the commitment issued or not? A. The docket shows that the commitment was issued on that date, but the docket does not show whether it was issued for

Martin or Farr, there is not anything to tell who it was issued for.

"Mr. Church: Q. Now, I wish you would turn to page 405 and see what you find there. A. On page 405, case No. 1140 appears to have been set for October 17, 1921, and then for some reason or other a line was drawn through the number and the date that was noted there. On page 541, shows that it appears to have been reset for November 24th.

"The Court: Do you deny he was convicted? You don't deny the records here?

"Mr. Church: No, I admit the records.

"The Court: It is immaterial whether he served it or not?

"Mr. Church: Not necessarily, he might have had a new trial.

"The Court: I will ask you if you can tell from that record there, Minute Book 2A, on the pages I have referred to who the defendant was in case No. 1140? A. No, sir; not by just this record I can't do it.

"Q. Now can you tell by looking at your appearance docket who that commitment was issued for? A. No.

"Q. It don't name the defendant, A. No.

"Q. Was there any journal entries in the files there of case No. 1140? A. No, sir.

"The Court: Ever file a journal entry in a criminal case? A. Yes, sir."

Section 6991, C. S. 1921, reads as follows:

"For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30)

days in the county jail, nor more than five (5) years in the state penitentiary."

In the case of Gilmore v. State, 3 Okla. Cr. 639, 108 P. 416, 139 Am. St. Rep. 981, it is said:

"In its ordinary sense the term 'conviction' is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. But in a strict, legal sense it denotes the final judgment of the court," and "imports the final consummation of the prosecution, from the complaint to the judgment of the court by sentence."

In Ex parte White, 28 Okla. Cr. 180, 230 P. 522, it was held:

"The term 'conviction,' in article 6, § 10, of the Constitution, relating to pardons and paroles denotes the final judgment of the trial court, upon a plea of or verdict of guilty."

The case of Browder v. State, 15 Okla. Cr. 287, 176 P. 96, was a prosecution under the statute imposing a more severe punishment for a second or any subsequent conviction, and the only proof offered to show a conviction was the verdict returned by the jury on the trial of the case. It was held that—

"Evidence insufficient to support the verdict and judgment of conviction, in that no proper or competent proof of a former conviction was introduced in evidence."

In view of the state of the record offered to prove a former conviction, as alleged in the information, it is manifest that no proper proof of a former conviction was offered in this case, and for this reason the trial court should have directed a verdict for the defendant.

The judgment is accordingly reversed.

BESSEY, P. J., and EDWARDS, J., concur.