## STATE v. BRUNO

No. 4489.   Decided April 26, 1927.   (256 P. 109.)

*F. W. James*, of Salt Lake City, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

HANSEN, J.

The information filed in this action charges the defendant with being a persistent violator of an act prohibiting the

manufacture and use of intoxicating liquors. Comp. Laws Utah 1917, § 3343, and section 3345, as amended by chapter 10, Laws of Utah 1925. A trial to a jury resulted in a verdict of guilty of the offense charged. Defendant moved for a new trial, which motion was denied, and she was sentenced to serve an indeterminate term in the state prison. She appeals.

Defendant relies upon two assignments of error for a reversal of the judgment, namely:

1. The court gave the following instruction:

"In this case the records of the city court of Salt Lake City, Utah, before Noel S. Pratt, city judge, and ex officio justice of the peace, have been received in evidence; that said records show that on or about the 3rd day of September, 1924, the defendant was found guilty of having intoxicating liquor in her possession, so that you are to take that as prima facie evidence of the fact in the case."

To this instruction the defendant duly and timely excepted on the ground that it does not correctly state the law.

2. The defendant requested the trial court to give the following instruction:

"You are instructed that if you should find the defendant guilty you may find her guilty of the crime as charged in the information or you may find her guilty of the simple lesser offense of the sale of intoxicating liquor, which is necessarily included in the greater aggravated offense, as the facts may warrant."

The trial court refused to give this instruction, to which refusal the defendant excepted.

We will consider the assignments of error in the order named.

During the trial the records of the city court of Salt Lake City, Utah, were received in evidence tending to show that a Mary Bruno, on September 3, 1924, pleaded guilty to having intoxicating liquor in her possession. There was no direct evidence offered at the trial, except the identity of names, showing or tending to show that

the defendant is the same person as the Mary Bruno who, on September 3, 1924, pleaded guilty to having intoxicating liquor in her possession. The defendant testified in her own behalf but she was not interrogated concerning whether or not she had theretofore been convicted of any offense such as shown by the records from the city court, and she did not testify in relation thereto.

Counsel for the state contends that this case falls within the rule laid down by this court in *State* v. *Aime*, 62 Utah, 476, 220 P. 704, 32 A. L. R. 375. At the trial of the Aime Case the record of the justice of the peace of the precinct where defendant resided was received in evidence which showed that a person of the same name as the accused had theretofore been convicted of having intoxicating liquor in his possession. The defendant in that case, as in this, testified in his own behalf and did not deny that he was the person who had theretofore been convicted. Upon appeal to this court it was held that under proper instructions such evidence was sufficient to sustain a verdict finding the defendant guilty of being a persistent violator of the prohibition laws of this state. The Aime Case is authority for submitting to the jury in this case, with proper instructions, the question of whether or not the defendant herein is the same person as the Mary Bruno who pleaded guilty to having intoxicating liquor in her possession as shown by the records of the city court which were received in evidence. There is, however, a vast difference between holding that evidence is sufficient to sustain a verdict and holding that as a matter of law a given fact is established. The general rule of law as applied to a situation such as is under consideration is thus stated in 16 C. J. 1342:

"In all criminal prosecutions, when the state desires to inflict a more severe penalty on account of the defendant having been convicted previously, the burden is on the state to prove all facts necessary to bring the case within the statute authorizing such penalty to be imposed. Thus, like any other material element, the state must prove the prior conviction of the accused, and must establish his identity as the person previously convicted."

A number of cases from various jurisdictions are cited in a footnote which sustain the text. In addition to those cases the reader is referred to the following cases where the same principles are enunciated: *People* v. *McDonald,* 233 Mich. 98, 206 N. W. 516; *Taylor* v. *State* (Neb.), 207 N. W. 207; *McKiney* v. *Commonwealth,* 202 Ky. 757, 261 S. W. 276; *State ex rel. Lockmiller* v. *Mayo,* 88 Fla. 96, 101 So. 228; *Green Bay Fish Co.* v. *State,* 186 Wis. 330, 202 N. W. 667; *State* v. *Livermore,* 59 Mont. 362, 196 P. 977. To the same effect see 8 R. C. L. § 288, p. 273; *1 Bishop, Crim. Pro.* (9th Ed.) § 963; *3 Wharton's Crim. Pro.* (10th Ed.) § 1881.

It is true that some statutes permit the matter of a prior conviction to be withheld from the jury for the reason that it is especially fair to the accused as preventing a prejudice against him by the jury from the former conviction. *1 Bishop, Crim. Law* (9th Ed.) § 961; *McWhorter* v. *State,* 118 Ga. 55, 44 S. E. 873. In some other jurisdictions the issue of a former conviction is tried before a jury separate and apart from the principal action. *1 Bishop, Crim. Pro.* (9th Ed.) § 964. Under a statute like ours, however, it seems clear, upon both authority and principle, that when the state seeks to inflict a more more severe penalty on account of the defendant's having previously been convicted of a similar crime, it is necessary to allege and to prove beyond a reasonable doubt that the accused has theretofore been so convicted and that the jury in this respect, as in others, is the sole and exclusive judge of the fact. 8 R. C. L. § 293, p. 276, and cases there cited.

Both the Constitution of Utah (article 1, § 12), and Comp. Laws Utah 1917, §§ 6802 and 8978, entitle an accused to a trial by a jury, who is to determine all questions of fact. There is nothing in section 3345, supra, that can be construed to take such function from the jury. Indeed, said section 3345 provides that the prosecuting attorney shall set out any and all prior convictions in the complaint and shall introduce in evidence a certified copy of any or all

such judgments of conviction at the trial. Where it is provided that certified copies of such judgments of prior convictions shall be sufficient evidence of any such prior convictions, it was doubtless intended by the Legislature that as a matter of law such certified copies shall be ■ sufficient evidence of the facts therein recited to justify the jury to so find. If it were held that because a person has the same name as a person who has theretofore been convicted of a similar offense it follows as a matter of law that such person is the same person as the one named in the prior proceeding, such holding would be contrary to our fundamental principles and proceedings in criminal actions. It would be a denial of the right of a trial and determination by a jury of one of the essential facts always necessary to be found in order to convict an accused of the graver offense.

Applying these legal principles to the instruction given and objected to by the defendant, we are of the opinion that the trial court committed prejudicial error. The instruction complained of informs the jury that the city court records show that on or about the 3rd day of September, 1924, the defendant was found guilty of having intoxicating liquor in her possession. The defendant was entitled to have the jury pass on the question of whether or not she had theretofore pleaded guilty to having intoxicating liquor in her possession as alleged in the information, and, unless the jury should so find beyond a reasonable doubt, they could not legally convict her of being a persistent violator of the Prohibition Law of this state as charged.

It follows from what has been said that a new trial must be had in this case, and therefore it becomes necessary to consider the other assignment of error, namely, the refusal of the trial court to give the requested instruction heretofore set out in this opinion.

The requested instruction is objectionable in that it does not definitely inform the jury of the facts they must find in order to convict the defendant of either the lesser or the

graver charge contained in the information. But the court should have instructed upon the subject-matter of the request. We are of the opinion, and so hold, that under the facts and circumstances in this case the court should have instructed the jury to the effect that if they should find from the evidence beyond a reasonable doubt that the defendant, Mary Bruno, on the 2nd day of January, 1926, at the county of Salt Lake, state of Utah, did then and there wilfully, unlawfully, and knowingly have in her possession intoxicating liquor, to wit, whisky, but should fail to find beyond a reasonable doubt that the defendant, Mary Bruno, had theretofore on the 3rd day of September, 1924, in the city court of Salt Lake City, Utah, been convicted of the offense of having in her possession intoxicating liquor, then and in that case the jury should find the defendant guilty of the lesser offense, that of having intoxicating liquor in her possession as charged in the information. The offense of having intoxicating liquor in possession is included within the offense of being a persistent violator of the Prohibition Law. *State* v. *Bohn*, 67 Utah, —, 248 P. 119.

"When it shall appear that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he must be convicted of the lowest of such degrees only." Comp. Laws Utah 1917, § 8979.

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." Comp. Laws 1917, § 9024.

It follows from what has been said that the judgment in this case should be and it hereby is reversed. The cause is remanded to the district court of Salt Lake county, with directions to grant a new trial.

THURMAN, C. J., and CHERRY and STRAUP, JJ., and BARKER, District Judge, concur.

FRICK, J., did not participate.