## JOE JOHNSTON v. STATE.

No. A-7047. Opinion Filed March 22, 1930.
(287 Pac. 1068.)

M. F. Hudson and Bascom Coker, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district conrt of McCurtain county of a second and subsequent violation of the prohibitory liquor law, and was sentenced to serve a term of two years in the penitentiary and to pay a fine of $100.

The information in substance alleges that defendant had the unlawful possession of a half gallon of whisky at a named date, and that prior thereto he had been charged in the county court of McCurtain county with the unlawfull possession of whisky, and had entered his plea of guilty, and judgment and sentence was entered thereon. This prosecution is based on the provisions of section 2299, Comp. Stat. 1921. Defendant, when arraigned, entered

his plea of not guilty, a jury was impaneled, the state introduced its evidence and rested, and the defendant rested, offering no testimony. The state proved the prior conviction by introducing the record of the county court and by testimony of the court clerk that defendant was the same person who had entered the plea of guilty in the prior case in the county court. The court then, among other things, instructed the jury as follows:

"* * * And in this connection you are instructed that the defendant, Joe Johnston, was heretofore and prior to this date, October 28, 1926, convicted of violating the prohibitory laws of this state, and if you find and believe from the evidence in this case beyond all reasonable doubt that the defendant, Joe Johnston, had in his possession, on his premises, on or about the 28th day of October, 1926, and subsequent to the 18th day of October, 1923, some amount of intoxicating liquor, to wit: whisky, with the intent and purpose on the part of him the said Joe Johnston to sell, barter or otherwise furnish the same to some other person in violation of the law of this state, then it will be your duty to convict the defendant of unlawful possession of intoxicating liquor."

This instruction was excepted to and assigned as error in the motion for a new trial as invading the province of the jury.

Article 2, § 19, of the state Constitution, guarantees the right of a jury trial. Section 2690, Comp. Stat. 1921, provides:

"On the trial of an indictment or information, questions of law are to be decided by the court, and the questions of fact are to be decided by the jury. * * *"

The district court had jurisdiction of the charge only in the event that there had been a previous conviction of a violation of the liquor law. To give the court jurisdiction,

it was necessary that the former conviction be definitely alleged and proven. It was one of the essential allegations, and it was as necessary to prove it as to prove the possession charged. Tucker v. State, 14 Okla. Cr. 54, 167 Pac. 637; Fowler v. State, 14 Okla. Cr. 316, 170 Pac. 917; Browder v. State, 15 Okla. Cr. 287, 176 Pac. 96; Wright v. State, 16 Okla. Cr. 458, 184 Pac. 158; Martin v. State, 30 Okla. Cr. 49, 234 Pac. 795; Rogers v. State, 34 Okla. Cr. 15, 244 Pac. 461; Bassett v.. State, 42 Okla. Cr. 126, 274 Pac. 893; State v. Davis, 68 W. Va. 142, 69 S. E. 639, 32 L. R. A. (N. S.) 501, Ann. Cas. 1912A, 996; State v. Bruno, 69 Utah, 444, 256 Pac. 109; State v. Dunn, 44 Idaho, 636, 258 Pac. 553; Massey v. U. S. (C. C. A.) 281 F. 293; 8 R. C. L. 276, § 293.

The plea of not guilty in a criminal case puts in issue every material allegation in an indictment or information. Section 2622, Comp. Stat. 1921; 16 C. J. p. 1346. When the defendant pleaded "not guilty," he put in issue all material allegations of the information, including the fact of the alleged former conviction. To sustain a conviction in this case, the state must prove beyond a reasonable doubt the essential allegations of the information; that is, that defendant had possession of intoxicating liquor as alleged, and that prior thereto he had been convicted in the county court of McCurtain county as alleged. Defendant was not required to prove his innocence or to offer any testimony. He had the constitutional right to a trial by jury, and to have the charge against him submitted to the jury upon the question of his guilt of the offense for which he was on trial, which included the fact of a prior conviction and of his identity with the person so convicted. The court could not take judicial notice of the former conviction, and, although proven by the record and undisputed by defendant, could not invade the province of the jury and instruct them

that this essential allegation of fact was true; that is, the court could not take any one of these essential facts from the jury and submit the others, and, when he attempted to do so, he in effect denied defendant a trial by jury.

It follows that the case must be reversed, and it is so ordered.

DAVENPORT and CHAPPELL, JJ., concur.