## H. B. RHEUARK v. STATE.

No. A-10248.    Jan. 5, 1944.

(144 P. 2d 754.)

Harold McArthur, of Tulsa, for plaintiff in error.

Randell S. Cobb, Atty. Gen., J. Walker Field, Asst. Atty. Gen., and Dixie Gilmer, Co. Atty., of Tulsa, for defendant in error.

BAREFOOT, J. Defendant, H. B. Rheuark, was charged in the district court of Tulsa county with the crime of driving a motor vehicle while under the influence of intoxicating liquor, having been previously convicted in municipal criminal court for driving while under the influence of intoxicating liquor; was tried, convicted and sentenced to serve a term of one year in the State Penitentiary, and has appealed.

The defendant was charged by reason of driving a Ford automobile upon the public streets of the city of Tulsa on August 19, 1941, while under the influence of intoxicating liquor. The information also charges that he had been previously convicted in municipal criminal court of the city of Tulsa on June 26, 1941, on a similar charge. On the first charge he was fined $10 and costs, which he paid.

The statute under which defendant was charged is 47 O. S. A. 1941 § 93, and is as follows:

"It shall be unlawful for any person who is under the influence of intoxicating liquor, * * * to operate or drive a motor vehicle on any highway within this State, as defined in Section 1, of this Act and any person violating the provisions of this Section shall be deemed guilty of a misdemeanor for the first offense and upon conviction therefor shall be punished by imprisonment in the county jail for a period of time not to exceed one (1) year, or by a fine or not more than Five Hundred ($500.00) Dollars or by both such fine and imprisonment. Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed two (2) years, or a fine of not more than One Thousand ($1,000.00) Dollars or by both such fine and imprisonment."

This statute was enacted by the Legislature in 1941, amending section 10324, O. S. 1931. The only change was with reference to making the first offense a misdemeanor, and the second a felony. Watts v. State, 76 Okla. Cr. 362, 137 P. 2d 268.

It is contended by defendant that the court erred in refusing to sustain the demurrer to the information by reason of the allegation as to the second offense. The case of Fowler v. State, 14 Okla. Cr. 316, 170 P. 917, is cited in

support of this proposition. A careful reading of this case discloses that it is based upon different allegations and facts than those in the instant case. It has reference to the habitual criminal statute, 21 O. S. A. 1941 § 51, while the specific statute above quoted applies here. The language in the information is definite and certain, and fully apprises the defendant of the nature of the charge, and the court, and the date thereof in which the defendant had been previously convicted.

It is next contended that the court erred in admitting exhibits 1, 2 and 3. These were copies of the information, the verdict of the jury, and the appearance docket showing the judgment and sentence of the municipal criminal court of the city of Tulsa. They were the only records kept by the court, and we see no reason why they were not admissible.

In addition to these records, the state introduced in evidence the testimony of the judge before whom defendant was tried, and he testified to the trial, conviction and sentence. The defendant offered in evidence the testimony of the attorney who defended him, and he testified to the same facts. The defendant also testified to his prior conviction on the date alleged in the information, and to the payment of his fine. If there had been any omission in the testimony, the defendant supplied the omission.

Defendant contends that the evidence is insufficient to sustain the judgment and sentence, but in his brief states: "* * * this plaintiff in error admits the State made out a prima facie case as to driving while under the influence of intoxicating liquor pertaining to the 19th day of August, 1941." This admission is sufficient to sustain the conviction.

There was conflict in the testimony as to whether the defendant was under the influence of liquor at the time of

his arrest, but the evidence of the state fully supports the verdict of the jury, which is conclusive upon appeal.

Defendant also contends that the judgment and sentence is excessive. The defendant was given one year in the penitentiary. The maximum punishment provided by the statute was two years in the penitentiary, and a fine of $1,000. The facts in this case are such that the judgment and sentence might be considered excessive, if it were not for the previous record of this defendant. He was arrested by a police officer of the city of Tulsa. He was in an old model Ford car. He was weaving from side to side of the street, and the officer tried to stop him for two blocks by blowing his whistle and hollowing at him. He finally stopped in front of a grocery store, and the officer, seeing he was drunk, placed him under arrest and saw in his car, partially under the seat, a pint bottle of corn whisky about one-half full. While the officer was telephoning for the patrol wagon, defendant left and went across the street to a filling station. The officer who came to get him also testified that defendant was under the influence of liquor at the time he arrived. That he staggered when he walked, and they could smell liquor on his breath. The defendant, his mother and two other witnesses testified that in their opinion he was not under the influence of liquor at the time of his arrest. He testified that he had not drunk any whisky, and that he did not know there was any whisky in the car; that he had loaned his car to some woman the night before, but he did not have her there to testify. He admitted drinking two bottles of beer just prior to his arrest.

The evidence of the defendant on cross-examination revealed that he had been previously convicted of driving a vehicle while under the influence of intoxicating liquor, and also of being drunk and convicted on numerous oc-

casions. That he had also been previously convicted of a felony, but stated that he had never been to the penitentiary.

The testimony with reference to his previous record was undoubtedly the cause of the jury giving him a penitentiary sentence.

Under these facts, we cannot say that the judgment and sentence was excessive, and it is, therefore, affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.