# JOHNSON v. STATE.

No. A-11599.   Feb. 4, 1953.

(253 P. 2d 179.)

Orval Grim, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, J.   Plaintiff in error Ivan Johnson, defendant below, was charged by information in the district court of Beaver county, Oklahoma, with the commission of the crime of operating a motor vehicle while intoxicated on the public highways of said county on January 24, 1951, "after being formerly convicted of operating a motor vehicle while under the influence of intoxicating liquor upon the public highways of the State of Oklahoma". Defendant was tried by a jury, convicted, his punishment fixed at a year in the penitentiary and judgment and sentence entered accordingly from which this appeal has been perfected.

Defendant first urges that the trial court erred in overruling his demurrer to the information to which exception was saved.   This contention is grounded upon the proposition of the insufficiency of the allegations contained in the information in relation to the prior offense, which was as follows, to wit, "after being formerly convicted of operating a motor vehicle while under the influence of intoxicating liquor upon the public highways of the state of Oklahoma".   The information contains no other allegation in relation to the prior offense.   The defendant asserts that said information was defective for the reason it did not establish the date of the conviction or that the conviction was in a court of competent jurisdiction.   He contends that this defect in the information thus made it insufficient to confer jurisdiction upon the district court, which only has jurisdiction of driving while intoxicated cases, where the same is charged

as a "second or subsequent offense" in the information. In support of the contention the defendant cites Fowler v. State, 14 Okla. Cr. 316, 170 P. 917; Tucker v. State, 14 Okla. Cr. 54, 167 P. 637, both of which are cases brought under the Habitual Criminal statute, Title 21, § 52, O.S.A. 1941, and Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754, brought under the provisions of Title 47, § 93, O.S.A. 1941, the drunken driving statute. The pertinent part of Title 47, § 93, O.S.A. 1941, reads as follows, to wit:

"Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished by imprisonment * * *."

The pertinent part of the Habitual Criminal statute reads as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows: * * *." 21 O.S. 1951 § 51.

It appears that there is no adjudicated case from this court which lays down the minimum requirements for the necessary allegations to plead a prior conviction under the provisions of Title 47, § 93, O.S.A. 1941 or 1951. Under such conditions we then may look to the construction placed on the Habitual Criminal statute with reference to the requirements for pleading such a charge. In Johnston v. State, 46 Okla. Cr. 431, 287 P. 1068, 1069, it was said:

"To give the court jurisdiction, it was necessary that the former conviction be definitely alleged and proven. It was one of the essential allegations, and it was as necessary to prove it as to prove the possession charged. Tucker v. State, 14 Okla. Cr. 54, 167 P. 637; Fowler v. State, 14 Okla. Cr. 170 P. 917; Browder v. State, 15 Okla. Cr. 287, 176 P. 96; Wright v. State, 16 Okla. Cr. 458, 184 P. 158; Martin v. State, 30 Okla. Cr. 49, 234 P. 795; Rogers v. State, 34 Okla. Cr. 15, 244 P. 461; Bassett v. State, 42 Okla. Cr. 126, 274 P. 893; State v. Davis, 68 W. Va. 142, 69 S.E. 639, 32 L.R.A., N.S., 501, Ann. Cas. 1912A, 996; State v. Bruno, 69 Utah 444, 256 P. 109; State v. Dunn, 44 Idaho 636, 258 P. 553; Massey v. U.S., 8 Cir., 281 F. 293; 8 R.C.L. 276, § 293."

In Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754, 755, the information plead:

"The information also charges that he had been previously convicted in Municipal Criminal Court of the City of Tulsa on June 26, 1941, on a similar charge."

It appears that in the first charge he was fined $10 and costs. In the body of the opinion the court said:

"The language in the information is definite and certain, and fully apprises the defendant of the nature of the charge, and the court, and the date thereof in which the defendant had been previously convicted."

In Jacobs v. U. S., 58 App. D.C. 62, 24 F. 2d 890, 891, the Court of Appeals of the District of Columbia in construing a subsequent offense charge said:

" * * * the fact thus relied on must be averred in the indictment. * * * As stated by Lord Campbell in the case of Reg. v. Clark, 20 Eng. L. & Eq. Rep. 582: 'It is only the averment of a fact which may affect the punishment. The jury do not find the person guilty of the previous offense; they only find that he was previously convicted of it, as an historical fact.' "

Such being the case, we are of the opinion that certainly no less allegations than those contained in the Rheuark case would meet the minimum requirements as stating the historical facts of the prior conviction. In the allegation of a prior conviction without the date of the conviction and the designation of the court in which the conviction was had the information presents nothing

more than a bare conclusion of the pleader, unsupported by a recital of the historical facts upon which the same is predicated. We can foresee that to approve the allegations of the prior conviction as herein set forth could result in great prejudice to future defendants, particularly in the matter of preparation for trial. For instance, in the event the charge of a prior conviction was actually of some other person of the same name, at a remote time in the same or some other county, other than where the charge for the second offense was pending, the defendant would be greatly handicapped in ascertaining the basis for the charge in an effort to disprove the same. Particularly in the case of mistaken identity, in some cases, the defendants might be compelled to search the records in every court in the state to be properly prepared to meet the issue. The law intends no such hardship. We do not believe it will work any undue hardship on the state to allege the day, date and the court of the conviction upon which the allegation of defendant's prior conviction was predicated. Hence it is apparent that the information herein alleged insufficient facts to apprise the defendant of the charge he would be called upon to meet. We believe this conclusion is in keeping with the rule as announced in Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449, 450, reading as follows, towit:

"The gist of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet."

This information fails to allege the factual elements of the prior conviction; it pleads only a conclusion unsupported by facts. To permit the charge of drunken driving, a "second and subsequent offense" to stand on such an allegation as herein relied on would create situations where the defendant could be subjected to the hazard of a conviction based entirely on mistaken identity, where otherwise if properly informed as to the time, place and court of the conviction before trial he could be prepared to meet the issue. Hence, we are of the opinion that, in a case charging a prior conviction of drunk driving brought under the provisions of Title 47, § 93, O.S.A. 1941 and 1951 the pleading of sufficient historical facts upon which the charge of a prior conviction is predicated constitutes an essential element of the charge, necessary to establish jurisdiction in the district court for trial of the same, and where the information fails to plead such elemental facts and timely objection by demurrer to said information is interposed and which is overruled with exceptions and said information is not amended to plead the said elemental facts of the prior conviction, the district court is without jurisdiction to hear and determine the facts therein involved.

The only other proposition of substance contended for by the defendant is that no where in the evidence did the state prove that the Ivan Johnson involved in the prior drunken driving case, the information, judgment and commitment concerning which was offered in evidence, was the same Ivan Johnson herein involved. In this regard the defendant made no denial that he was not the same person named in the information, judgment and sentence and commitment. This contention was decided adversely to the defendant's contention in Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109, 110, involving a second violation of the Prohibitory liquor laws. Therein it was said:

"Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered of one of the same name as that of the defendant on trial, the same will be considered as strong circumstantial evidence that the person named in the former conviction and the defendant on trial are one and the same person; and where no contradictory evidence is introduced, the same will be held to be sufficient to show a prior conviction."

The principle therein announced is applicable to the case at bar. See also Bird v. State, 85 Okla. Cr. 313, 188 P. 2d 242. Hence this contention is without merit. A review of the record herein discloses that the evidence is entirely sufficient to sustain the conviction but the information being insufficient to confer jurisdiction on the trial court and being attacked by demurrer to the overruling of which ·an exception was saved, this case must accordingly be reversed and remanded with directions to re-charge the defendant by a new information in keeping with the principles hereinbefore announced and with further directions to retry the defendant thereon.

POWELL, P. J., and JONES, J., concur.