# ROBERTS v. STATE.

No. A-11709. May 6, 1953.

(257 P. 2d 317.)

W. G. Long and J. B. Gilbreath, Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, J. Plaintiff in error Hershell Roberts, defendant below, was charged by indictment in the district court of Pontotoc county, Oklahoma, with the sale of a large quantity of intoxicating liquor on May 6, 1951, in said county, to Ray Loyd Benton, in violation of Title 37, § 1, O.S.A. 1941, 1951. He was tried, convicted, and his punishment fixed by the jury at a fine of $400 and 60 days in jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Plaintiff in error's first contention herein is that the trial court erred in overruling his demurrer to the indictment, for the reason that the indictment failed to state facts sufficient to charge a crime against the laws of the State of Oklahoma, especially a second and subsequent offense of violating the prohibition laws. An examination of the indictment discloses there is no substantial merit in the first part of said contention. As to the contention in regard to second and subsequent offenses, the defendant relies on Fowler v. State, 14 Okla. Cr. 316, 170 P. 917, 918, wherein the information alleged a second offense as follows:

" 'that on the 19th day of January, 1914, the said Lee Fowler entered a plea of guilty in the county court of Stephens county, Okl., to the charge of conveying intoxicating liquors in violation of the prohibitory laws of the state of Oklahoma, contrary to,' etc."

In the Fowler case, notwithstanding there was no allegation in relation to the entry of judgment and sentence, the trial court permitted the introduction in evidence of the judgment to sustain the allegation as to the plea of guilty. In reviewing the case this court held therein that the absence of a direct and positive allegation of the defendant's previous conviction in a court of competent jurisdiction is a fatal defect, and this absence cannot be supplied by any intendment, inference or implication. In the absence of the allegation setting forth the judgment rendered on a plea of guilty, this court has held the judgment and sentence was not admissible in evidence and without it the trial court was without jurisdiction to render the judgment appealed from. The situation in the Fowler case was similar to that involved in Johnson v. State, 96 Okla. Cr. 294, 253 P. 2d 179, wherein we held there were not sufficient allegations of the elemental facts necessary to sustain the prior conviction therein involved. In the case at bar, such is not the situation. The information herein, after alleging the basic violation in the indictment, went further and alleged a second and subsequent conviction in the following words and figures, to-wit:

"That heretofore, to-wit: On the 29th day of October, 1949, said defendant plead guilty to the crime of Unlawful Possession of Intoxicating liquor in the County Court of Pontotoc County, in case No. 5260, being a Court of competent jurisdiction to try said defendant on said charge, and said defendant was sentenced in said County Court to pay a fine of $300 00 and costs and to serve a term of thirty (30) days in the County jail of Pontotoc County;

"That heretofore, to-wit: On the 28th day of April, 1951, said defendant plead guilty of the crime of Unlawful Possession of Intoxicating Liquor in the County Court of Pontotoc County, Oklahoma, in Case No. 5404, being a Court of competent jurisdiction to try said defendant on said charge, and said defendant was sentenced in said County Court, upon his plea of guilty to said charge, to pay a fine of $100.00 and costs and to serve a term of thirty (30) days in the County jail of Pontotoc County; * * *"

Rheuark v. State, 78 Okla. Cr. 121, 144 P. 2d 754, is authority for the proposition that the allegations in the indictment herein involved alleged suf-

ficient elemental facts as to sustain the charge of second and subsequent offenses. See, also, Johnson v. State, supra, which followed the prescription in the Rheuark case.

The defendant next contends the trial court erred in admitting in evidence the judgments and sentences based on the allegations in the indictment. It is obvious that since the indictment contained the necessary elemental facts to identify the prior conviction, and the judgment and sentence entered thereon was sufficient to apprise the defendant of the nature of the charge, and the court, and the date of the conviction and the judgment and sentence entered thereon, and hence was sufficient to support the introduction of said judgments and sentences in evidence essential to sustain the charge of second and subsequent offenses.

Finally, the defendant contends that the evidence was insufficient to support the conviction, and that it was error for the trial court not to sustain his demurrer thereto and direct a verdict in his favor. The evidence, he says, is not sufficient to establish the sale as alleged. On this point there was but one witness, Ray Loyd Benton, a self-confessed bootlegger, a most unwilling witness, testifying against another bootlegger concerning the purchase of the whiskey which Benton no doubt as a retail bootlegger purchased from Hershell Roberts as a wholesale bootlegger. In Maladin v. State, 72 Okla. Cr. 80, 113 P. 2d 201, 203, it was said:

"To sustain a charge of selling intoxicating liquors, there must be proven a consideration paid or promised by or in behalf of a purchaser to or in behalf of a seller, and a delivery of the thing sold."

The foregoing rule is followed in Stevens v. State, 31 Okla. Cr. 376, 239 P. 273; Reed v. State, 3 Okla. Cr. 16, 103 P. 1070, 24 L.R.A., N.S., 268 The uncontradicted evidence herein supports the proposition that Benton bought and paid for large quantities of all brands from the defendant Roberts and obtained delivery thereon on many occasions, and particularly the large quantity which was bought and paid for by him and delivered to him on May 6, 1951, as alleged in the indictment. No one denied this proof. The defendant offered no evidence either through himself or by any other witnesses. For the foregoing reasons, the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.