# H. W. HAWLEY, RESPONDENT, v. WARREN W. COREY AND OTHERS, APPELLANTS.

TRIAL.—COURT COMMENTING UPON TESTIMONY.—*Semble* that it is
error for the court to give any intimation to the jury as to
the weight of evidence or even to impliedly intimate what its
opinion upon the facts may be.

DAMAGES.—PROFITS.—EXPENSES OF PREPARATION.—The measure of
damages for breach of a contract with a person for the per-
formance of certain work is the profits which would have been
realized upon the contract, by the person so performing the
work, and an instruction which permits a recovery both of the
profits upon the contract and the expenses of preparing for the

contract, is erroneous, because such expenses must be considered before any judgment as to the profits can be arrived at.

EVIDENCE.—RES GESTÆ.—EXECUTION OF CONTRACT.—Where the question is whether a certain memorandum of prices signed by an agent of defendants and handed to plaintiff in the presence of one defendant, was the contract of the defendant, it is error to exclude testimony as to the circumstances under which the contract claimed was executed.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial, Hon. John W. Blackburn, judge. The opinion states the facts except the following:

Section 3361, 2 Comp. Laws of 1888, provides: "In charging the jury the court may state to them all matters of law it thinks necessary for their information in giving their verdict, and if it state the testimony of the case, it must inform the jury that they are the exclusive judges of all questions of fact." In this case the jury were charged that they were the sole judges of the credibility of the witnesses, of the weight of the evidence, and of the facts.

The record states the testimony of witness Stiffler as follows: Paper was shown to the witness marked Exhibit 1; counsel asked witness if he had seen it before. Witness: "I have; it is a memorandum of prices. I wrote that paper. Mr. Corey told me that Mr. Hawley wanted a memorandum of prices. Mr. Hawley and Mr. Corey were present at the time." Question: "Go on and state how you came to write it, and under what circumstances?" Objected to as incompetent and immaterial. Objection sustained; exception by counsel for defendants. Question: "What, if anything, did Mr. Corey say to you there about signing the name of Corey Bros. & Co. to that paper?" Objected to as immaterial and incompetent; objection sustained; exception by counsel for defense. The court stated that the reason why the objection was sustained was because the principal was present.

*Messrs. Kimball and Allison,* and *Mr. George Sutherland,.* for the appellants.

The court stated an incorrect rule of damages. The measure of his damages was the loss of profits, and that. is all. 1 Sutherland on Damages, 79, 139, 17, 18. *Fultz* v. *Wycoff,* 25 Ind. 321; *Fox* v. *Harding,* 7 Cush. 516;. *Bell* v. *Cunningham;* 3 Pet. 69; *Sisson* v. *Railroad Co.,* 14 Mich. 489; *Burrill* v. *N. Y., etc. Co.,* 14 Mich. 34;. *Maynard* v. *Pease,* 99 Mass. 555; *White* v. *Mosely,* 8 Pick.. 356; *Noble* v. *Ames,* M. Co. 112 Mass. 492; *Lashus* v.. *Chamberlain,* 5 Utah, 140; 6 Utah, 385; *Rockwood* v. *Allen,* 7 Mass. 254; *Allison* v. *Chandler,* 11 Mich. 542; *Northrup* v. *McGill,* 27 Mich. 234; *Griffin* v. *Colver,* 16 N. Y. 494.. If the expenses to plaintiff were allowed in addition to his net profits, the rule would not only be compensation, but. in addition thereto punishment of the defendant for his breach of contract.

The court erred in not permitting witness Stiffler to testify to the circumstances under which the paper intro- duced in evidence as the contract was executed. The com- plaint alleged a contract. The answer denied the contract. It was competent for the defendants to introduce any evi- dence tending to show that the alleged contract was never executed. Suppose in answer to the question propounded the witness had answered that he gave the memorandum to plaintiff at his request in order that the plaintiff might submit the schedule of prices to a Mr. Black, as defend- ants claimed, which plaintiff while on the stand had denied on cross-examination, and that no contract had been entered into at that time, and would not be unless plaintiff notified the defendants that the prices were satisfactory, would not such evidence have tended to prove that no contract was ever entered into? Evidence is certainly admissible if it

tends to prove an issue. *Schuhardt* v. *Allen*, 2 Wall. 359; 1 Greenleaf on Evidence, sec. 5*a*; *Wells* v. *Higgins*, 30 Atl. Rep. 861; *Lyon* v. *Hancock*, 35 Cal. 372; *Fleming* v. *Ins. Co.*, 33 Am. Dec. 33.

*Messrs. King and Houtz*, and *Mr. Samuel R. Thurman*, for the respondent.

The evidence sought to be extracted from the witness Stiffler was solely for the purpose of contradicting the written instrument. It was for the court to say whether or not upon its face it was a contract. Any evidence tending to show that it was not intended to be a contract was clearly inadmissible. Such evidence is inadmissible to show that a deed was to be redelivered, *Beers* v. *Beers*, 22 Mich. 42; or that a promissory note was intended as a receipt, *Shaw* v. *Shaw*, 50 Me. 94, s. c. 74 Am. Dec. 605; or to show that a delivered deed was designed to take effect only on condition of the grantor's death. *Mowry* v. *Henry*, 86 Cal. 491. There was no question of fraud, mistake or illegality.

The court was right in assuring the making of the contract, because one of the defendants was present, and saw it delivered. The court rightly charged as to the breach because it was admitted not only by the pleadings, but no evidence was offered to contradict it. No evidence was given to disprove in any way that plaintiff expended the moneys claimed in going to Montana. Hence there could be no prejudice in the charge of the court.

As to the rule of damages, when the charge is considered all together it is correct. It evidently means just what defendants claimed it ought to have been. The jury so understood it, for it is apparent that their verdict was arrived at on that basis, and that substantial justice has

been done.    Hence there was no prejudice to defendant even if the charge was erroneous.    Authorities were cited upon this point.

SMITH, J.:

In this case plaintiff commenced an action in the first district court against the defendants, who were partners under the style of Corey Bros. & Co., to recover the sum of $25,000 damages alleged to have accrued to him by reason of the breach of a contract made with the defendants. The complaint, in substance, alleges that on May 6, 1891, the defendants made a contract with the plaintiff to do certain grading on the Great Northern Railroad in Montana, amounting to 70 stations of 100 feet each, at certain prices specified in the complaint for various kinds of work. Then follows an allegation that the plaintiff, relying upon the contract, paid out and expended $5,000 in money in shipping an outfit from the Territory of Utah to the state of Montana to do such work; that the defendants wrongfully and in violation of their contract refused to allow the plaintiff to do any part of this work; that he was damaged in the sum of $20,000 in loss of profits, no part of which the defendants have paid.    The prayer was for $20,000 loss of profits and $5,200 paid out in getting to Montana.    The defendants answered, denying specifically all of the allegations of the complaint; denied they ever made the contract or any contract with the plaintiff.    The case was tried before a jury on the 7th day of May, 1892, and a verdict rendered in favor of the plaintiff and against defendants for the sum of $5,200.    A motion for a new trial was made in the court below upon several grounds. The plaintiff having voluntarily abated the judgment, and reduced it to the extent of $1,000, the motion for a new trial was overruled.    The defendants appealed from the judgment and from the order denying the new trial.

Upon the trial of the case the court gave the jury the following instruction: "Gentlemen of the jury, you are the sole judges of the evidence, its credibility, its force, and what weight you should give it in determining your verdict. It is conceded here that a contract was made; that this man had a contract for doing this work mentioned. It is conceded also that these defendants prevented him from doing that work; so that the only question left for you is to determine the amount of damages. The plaintiff is entitled to a verdict of some kind. What that shall be is a question for you to determine. In the first place, the plaintiff is entitled to the expense he was at in moving to Montana. In the second place, he is entitled, in addition to that, to the amount of profit, if you can find that out from the evidence, that he would have made on this contract if he had been allowed to do it. They must prove these things by a preponderance of the evidence. The burden is upon the plaintiff to prove beyond mere nominal damages. He is entitled to that anyway,—nominal damages. In finding out what his profit would be, you first figure up what amount of money he would have received for the work. That is one side. Then you put on the other side what amount of expense he was at in getting there, and then the cost of doing the work. You estimate also the waste; the deterioration of the tools he used or would have used in doing the work; the deterioration, if any, in the prices of animals he took there. All these elements enter into the question of the profits. You add to that on the other side losing the profits, the value of his own services, his wages, counting all those things, and ascertain the amount of pay he would get for the work. If he has by a preponderance of the evidence shown that he would then have made a profit, you will give him the benefit of that profit. Add that to the expense he was at in moving from where he lived to Montana."

The defendants having excepted specially to certain portions of the charge, the court called the jury back, and when they returned into court gave the following additional instructions: "Gentlemen, my instructions were wrong in one particular, and perhaps two. I instructed you that it was conceded that the contract for this work was made. Counsel say that it is not true; therefore I instruct you now that you must find, in order to find for the plaintiff, by a preponderance of the evidence, that the contract was made as claimed by the plaintiff. I also instructed you that it was conceded that the plaintiff had been prevented from doing this work by the defendants. I instruct you now that that is not conceded; that you must find, in order for the plaintiff to recover, by a preponderance of the evidence, that he was prevented from doing this work by the acts of the defendant. I instructed you also that the plaintiff was entitled to nominal damages anyway. I will change that instruction so it will be thus: If you find by a preponderance of the evidence that the defendants made this contract as claimed in the complaint, and also by a preponderance of the evidence that the defendants prevented the plaintiff from doing it, then the plaintiff is entitled to nominal damages anyway."

The appellants assign as the first error upon this appeal that this charge was misleading, and incorrectly stated to the jury the measure of damages. A perusal of it, we think, will convince any one that it was not a very clear and explicit declaration of the law governing the case. One of the most vigorously contested questions in the whole case, as appears by the evidence in the record, was the question whether or not any contract whatever had ever been made between plaintiff and defendants. The court first told the jury that this was a conceded fact. When they were called back into court he informed the jury that his instructions were wrong in one particular,

perhaps two. First: "I instructed you it was conceded that the contract for this work was made. Counsel say that is not true." Thereupon the court gave an instruction upon this question. The average jury, from the whole of this instruction, would unquestionably get the impression that the court considered it a settled question from the proof that the contract was made as claimed by the plaintiff, but that out of deference to the denial of counsel it was formally submitted to them to be passed upon. It is true that counsel in their exception called the attention of the court to the fact that the defendants denied the contract both in their pleadings and in the testimony in the most positive terms, and this denial did not rest, as stated by the court, with the counsel, but with the parties and witnesses in the action. The question should have been submitted to the jury, without any expression of opinion from the court, for them to find whether or not a contract had been made. Upon the measure of damages, the court instructed the jury, in the first place, the plaintiff was entitled to the expense he was at in moving to Montana. In the second place, he is entitled, in addition to that, to the amount of profits he would have made upon his contract. This unquestionably is incorrect as a statement of the measure of damages, unless it was cured by the subsequent portion of the charge.

The true rule of damages in such a case is stated by the supreme court of the United States in the case of *U. S.* v. *Speed,* 8 Wall. 77, as follows: "The true measure of damages is the difference between the cost of doing the work and what claimants were to receive for it, making reasonable deductions for the less time engaged, and for the release from the care, trouble, risk, and responsibility attending a full execution of the contract." In other words, the measure of damages as stated by the supreme court of New York in *Masterton* v. *Mayor, etc., Brooklyn,* 7 Hill, 61,

in cases of this character, is the profits and advantages which are the direct and immediate fruits of a contract entered into between the contracting parties. Mr. Sutherland, in his work on Damages (volume 2, p. 624), lays down the rule as follows: "In an action upon the contract against the employer for preventing complete performance, the contractor is entitled to recover the contract price for the work actually done, and, in the absence of other damages, the difference between that price and what it would have cost to have performed the contract as to the residue. The same rule applies where work has not been begun, except that loss of time is not an element of damages."

From these authorities, and others that might be cited, it will be readily seen that the true measure of damages for a breach of contract such as alleged in the complaint is the market value of the contract itself; or, in other words, the profits which would have resulted to the plaintiff had he been permitted to perform the contract. If he is unable to show any profits, he is not entitled to recover anything. In the case at bar counsel for the respondent concedes the correctness of this rule, but claims that the latter portion of the charge of the court does away with the vice of that portion in which the court charged the jury that the plaintiff was entitled—First, to his expense in moving to Montana; and, second, and in addition to that, to the amount of profits of the contract. But this is not correct. If the jury found there would have been no profits in the performance of the contract (and there was much evidence that would support such finding), under the entire instruction they would nevertheless have been compelled to return a verdict in favor of the plaintiff for the expense of moving to Montana, whatever they found that to be, notwithstanding the law would, if correctly declared, permit the plaintiff to recover nothing. Then, again, there is another objection. It appears that immedi-

ately upon the plaintiff's arrival in Montana, when he found the work which he claimed he had contracted for had been let to other parties, he took another contract from the defendants for some seventy-odd stations of work upon the same line of railroad.    Now, this freight money paid for shipping the teams and tools was no more a preliminary expense upon the contract which the plaintiff did not perform, than upon the one which he did perform, and therefore was not a proper element of damages in any sense in this case.

The second error assigned upon the appeal relates to the rejection of certain testimony offered by the defendants by the witness C. C. Stiffler.    It appears that Stiffler was an employé of the defendants, engaged in forwarding for them at Ravalli, Mont.    That, after the plaintiff had looked at the work in question, he and one of the defendants returned to Ravalli, and at this point there is a dispute between Warren Corey, one of the defendants, and the plaintiff as to exactly what did occur.    As a result, however, of their meeting together in the presence of Stiffler, Stiffler wrote a paper, of which the following is a copy: "Ravalli, May 6th, 1891.    Memoranda of prices to be paid to H. W. Hawley for work on Great Northern.    From Sta. 8165 to 8235, by Corey Brothers & Co."    Then follows an enumeration of the various classes of work and prices, signed "Corey Brothers & Co."    It is admitted that Stiffler signed the firm name.    Corey says he did not know it was signed; that he ordered Stiffler to make it out pursuant to a request from the plaintiff for a written memoranda of prices, which he desired to show to certain parties who promised to go in with him on the work. Hawley, the plaintiff, testified that it was given as a contract for the work.    Stiffler was called as a witness, and, having testified that he wrote the paper, was asked this question: "Go on and state how you came to write it,

and under what circumstances." This was objected to as incompetent and immaterial, and the objection was sustained. The ruling is now assigned as error.

We think this ruling was erroneous. The materiality in the case of this point was whether or not this writing was made and delivered as a contract; the defendant present at the time testifying it was not, the plaintiff testifying that it was. The witness Stiffler, who wrote it, would have certainly been a very competent witness to detail the circumstances under which it was written, and would certainly have very much enlightened the jury as to what the intentions of the party were by stating how he came to write the paper, and the circumstances under which it was written. One of the defendants and the plaintiff had each been permitted to testify to the same matter, and we think properly. We hold that the witness should have been permitted to answer the question above stated.

Several other errors are assigned by the defendants (appellants) which we hardly deem it necessary to review or pass upon at this time. They relate chiefly to the admission and rejection of testimony offered by the respective parties, and, as the case must be retried, perhaps many of them will not again arise. The motion for a new trial should have been granted in the case, and the verdict of the jury should have been set aside. It is therefore ordered here that the judgment be reversed and remanded to the court below for a new trial in accordance with the decision of this court.

MINER, J., and BARTCH, J., concurred.

ZANE, C. J., appears to have heard the argument but did not concur or dissent.