264 P.2d 284

STATE v. HARRIS.

No. 8065.

Supreme Court of Utah.

Dec. 2, 1953.

Bullen & Olson, and E. F. Ziegler, Logan, for appellant.

Curtis E. Calderwood, Logan, E. R. Callister, Jr., Atty. Gen., Richard L. Stine, Ogden, for respondent.

CROCKETT, Justice.

Moses H. Harris was charged with the crime of driving a motor vehicle while un-

der the influence of intoxicating liquor and also of having a prior conviction of that offense in violation of 41–6–44, U.C.A.1953. He was properly tried by a jury on the first charge without any reference to the prior conviction. Upon return of a verdict of guilty, trial was then had upon the alleged prior conviction. It is with respect to the proceedings on the latter that he assigns error.

The proof offered as to the former conviction was a certified copy of the record of such proceeding in the Logan City Court identified by its Clerk, H. R. Pedersen, showing that one *Mose* Harris had previously been convicted of such offense. No other evidence was offered as to whether the *Mose* Harris therein referred to was the same individual as the defendant herein, *Moses H.* Harris.

With respect to the prior conviction the Court instructed the jury in part as follows:

"* * * On the other hand, if you refuse to believe the evidence which the State has presented, and which a member of the jury now has in his hands, [referring to the certified copy of the proceedings of the City Court, Exhibit C] and you want to disregard that piece of evidence, of course, you can answer the other way. There being no evidence to the contrary, I don't see what else you can do except to sign the verdict. But that's up to you. * * *"

\* \* \* \* \* \*

Defendant's counsel stated:

"* * * They must find beyond a reasonable doubt that he was convicted in the City Court of the crime of drunk driving."

The Court said:

"That's right, the same rules apply, gentlemen. You either accept that document you have, or you don't accept it. * * *"

\* \* \* \* \* \*

A juror asked the Judge:

"We can accept this as concrete evidence?" [referring to said exhibit C]

The Judge replied:

"You can. If you accept that, it becomes your duty to answer the verdict a certain way. If not, you answer the other way. If you think Mr. Pedersen had perjured himself, answer it the other way * * *."

The foregoing statements by the Court were clearly comments upon the evidence and limited the jury's consideration of it solely to whether they believed the record of the conviction of *Mose* Harris was authentic, and withdrew from their consideration the true issue, that is, whether they believed from the evidence beyond a reasonable doubt that the defendant *Moses H.* Harris had suffered a prior conviction of the offense. This would naturally require a determination, not only of the authenticity of the record, but also whether the two names referred to the same individual.

▋▋ It has long been established as the law of this State that the right of an accused to trial by jury, assured by the provisions of our State Constitution,[1] means that all issues of fact shall be submitted to them and that the Court should neither expressly nor by implication indicate his opinion upon the facts or as to the weight of the evidence. As stated by Mr. Justice Elias Hansen: "It is the sole and exclusive province of the jury to determine the facts in all criminal cases, whether the evidence offered by the state is weak or strong, is in conflict or is not controverted. * * * The trial judge is not permitted to comment upon the evidence, much less may not indicate to the jury that some material facts, not admitted at the trial, are established beyond controversy."[2]

▋▋ The prior conviction was a material element of the indictable misdemeanor with respect to which the defendant was charged, tried, and sentenced which it was incumbent upon the State to prove beyond a reasonable doubt.[3] It was the exclusive province of the jury to determine from the evidence whether the State had done so. The trial court's comments on the evidence and his limiting the jury's deliberations to whether the record of the prior conviction was authentic was error prejudicial to defendant.

▋ We are not here concerned with the rule which is sometimes recognized that identity of names is prima facie evidence of identity of persons,[4] and concerning which there is some conflict of authority.[5] Even where the rule is applied, the names must be identical. The fact that one *Mose* Harris had been convicted would not, in any event, constitute prima facie proof that the defendant *Moses H.* Harris had been previously convicted. There would have to be other proof that such names referred to the same individual before the matter could go to the jury.

▋ The case is remanded for a new trial,[6] which must be on the entire charge in view of the fact that the two alleged offenses, the instant and the former one, constitute one composite crime for which one sentence must be imposed.

WOLFE, C. J., and McDONOUGH, HENRIOD and WADE, JJ., concur.

---

1. Article 1, Sec. 12, Constitution of Utah.

2. State v. Green, 78 Utah 580, 6 P.2d 177, 181. See also Rule 51, U.R.C.P.; Hawley v. Corey, 9 Utah 175, 33 P. 695.

3. State v. Bruno, 69 Utah 444, 256 P. 109.

4. State v. Aime, 62 Utah 476, 220 P. 704, 32 A.L.R. 375; U. S. v. Hefferman, D. C., 35 F.2d 605.

5. State v. Adair, 70 Idaho 486, 222 P.2d 741; 2 Wharton Cr.Ev.(11th Ed.) 1473; 24 C.J.S., Criminal Law, § 1968, page 1164; see statement in State v. Bruno, supra, note 3.

6. State v. Lawrence, Utah, 234 P.2d 600.