2009 UT 55

**STATE of Utah, Plaintiff and Respondent,**

v.

**Robert PALMER, Defendant and Petitioner.**

No. 20080558.

Supreme Court of Utah.

Aug. 18, 2009.

Rehearing Denied Nov. 23, 2009.

On Certiorari to the Utah Court of Appeals

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 Robert Palmer contends that the court of appeals erred in upholding his third-degree felony conviction under Utah's driving under the influence (DUI) recidivism enhancement statute.[1] In Utah, the sentence for a DUI conviction escalates from a class B misdemeanor to a third-degree felony if the conviction is the third or greater conviction within ten years.[2] Specifically, Palmer argues that the recidivism enhancement statute creates a separate offense and that his past convictions are an element of that offense. Accordingly, Palmer asserts that the trial court violated his right to a jury trial under both the state and federal constitutions when the judge, rather than a jury, determined that Palmer had two prior convictions within ten years of the third.

¶ 2 Because we determine that Palmer raised only a question of law, not a question of fact, regarding whether he had three DUI convictions within ten years, we do not reach the issue of whether a defendant in Utah has the right to have a jury determine the fact of his prior convictions before he can be sentenced pursuant to the DUI recidivism enhancement statute. Rather, we conclude that Palmer's right to a jury trial was never implicated.

## BACKGROUND

¶ 3 On September 23, 2004, Robert Palmer was arrested for driving under the influence. Palmer was then charged by information filed in the Fourth Judicial District Court on or about January 4, 2005, with driving under the influence of alcohol in violation of Utah Code section 41–6–44 (Supp.2004). A jury trial was held on August 8, 2006. When

Mark L. Shurtleff, Att'y Gen., Ryan D. Tenney, Asst. Att'y Gen., Salt Lake City, for plaintiff.

Aaron P. Dodd, Provo, for defendant.

1. Utah Code Ann. § 41–6–44(6)(a) (Supp.2004).

2. *Id.* ("A [DUI] conviction ... is a third degree felony if it is: a third or subsequent conviction under this section within ten years of two or more prior convictions."); *see also id.* § 41–6–44(2)(a) (stating factors for a DUI conviction); *id.* § 41–6–44(3)(a)(i) (stating that a first or second DUI conviction is a class B misdemeanor).

Factors in addition to driving while intoxicated escalate what would otherwise be a class B misdemeanor to a class A misdemeanor. These factors include inflicting bodily injury on another as a proximate cause of the intoxication, having a passenger under the age of sixteen while driving under the influence, or being twenty-one or older and driving with a person under the age of eighteen. *Id.* § 41–6–44(3)(a)(ii).

Palmer did not appear on his trial date, he was tried in absentia. The jury found Palmer guilty of driving under the influence of alcohol.

¶ 4 By stipulation of the prosecution and Palmer's counsel, the trial court then excused the jury, and the prosecution subsequently presented evidence to the court of Palmer's two prior convictions within the previous ten years. Defense counsel did not object to the evidence but challenged the legal conclusion that the evidence demonstrated that Palmer had three DUI convictions within ten years. Specifically, counsel argued that Palmer pled guilty to the first of the three DUI charges more than ten years before the conviction of the third DUI charge and that the relevant date for determining a conviction should be the plea date, not the sentencing date. But counsel admitted that if the sentencing date were the relevant date then Palmer's first DUI conviction was within ten years of the current conviction. The trial court determined that Palmer was convicted of the first DUI charge when he was sentenced, not when he pled guilty; accordingly, the court found that the two prior convictions were within ten years of the third. For this reason, the court found Palmer guilty of a third-degree felony.

¶ 5 Prior to sentencing, new counsel for Palmer moved for a new trial, arguing that Palmer was denied his constitutional right to have a jury determine whether he had two prior DUI convictions within the last ten years. After hearing oral arguments, the trial court found that it had violated Palmer's right to a jury trial by failing to submit the question of whether Palmer had three convictions in ten years to a jury. The court denied Palmer's motion, however, on the basis that the error was harmless beyond a reasonable doubt. The trial court then sentenced Palmer on September 18, 2006, to an indeterminate term not to exceed five years.

¶ 6 Palmer timely appealed. On direct appeal, a majority of the court of appeals panel determined that Palmer did not have a federal constitutional right to have a jury consider the question of whether his two previous convictions were within ten years of his third conviction.[3] The majority reached this conclusion after, first, determining that a defendant does not have a federal constitutional right to have a jury determine a sentence enhancement[4] and, second, determining that the legislature intended Utah Code section 41–6–44(6)(a) to prescribe a sentence enhancement, not a separate offense.[5]

¶ 7 Judge Thorne, dissenting from the majority opinion, also analyzed the case under the premise that the right to a jury trial does not apply to sentence enhancements, only separate offenses. But after looking to the language of Utah Code section 41–6–44(6)(a) and our decision in *State v. Harris*,[6] he concluded that section 41–6–44(6)(a) "is a separate offense," not merely a sentence enhancement. Accordingly, he determined that the trial court deprived Palmer of his constitutional right to a jury trial when the trial judge, without a jury, convicted Palmer of a third-degree felony.[7]

¶ 8 We granted certiorari to review the court of appeals' decision. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(a) (2008).

## STANDARD OF REVIEW

▮▮ ▮▮ ¶ 9 On certiorari review, we review "'the decision of the court of appeals, not the decision of the district court.'"[8] In this case, we are presented with questions of law, which we review "for correctness, granting no deference to the legal conclusions of the court of appeals."[9]

---

3. *State v. Palmer*, 2008 UT App 206, ¶¶ 9–11, 189 P.3d 69.

4. *Id.* ¶¶ 8–9.

5. *Id.* ¶¶ 22–23.

6. 1 Utah 2d 182, 264 P.2d 284 (1953).

7. *Palmer*, 2008 UT App 206, ¶¶ 26–27, 189 P.3d 69 (Thorne, J., dissenting).

8. *Utah County v. Butler*, 2008 UT 12, ¶ 9, 179 P.3d 775 (quoting *D.J. Inv. Group, L.L.C. v. DAE/Westbrook, L.L.C.*, 2006 UT 62, ¶ 10, 147 P.3d 414).

9. *State v. Valdez*, 2006 UT 39, ¶ 11, 140 P.3d 1219.

## ANALYSIS

¶ 10 In its analysis, the court of appeals focused on the question of whether the legislature intended to give a defendant the statutory right to have a jury determine the factual question of whether he or she had two prior DUI convictions within ten years of the third conviction.[10] The court determined that the federal constitution affords no such right and declined to address whether the state constitution affords such a right.[11] We do not reach any of these questions because we determine that the threshold requirement for a jury determination—a disputed issue of fact [12]—is absent in this case. Even if Palmer has a constitutional right to a jury trial on the factual question of whether he had three DUI convictions within ten years and even if the legislature intended to make that fact an element of a separate crime and thereby grant Palmer a statutory right to a jury trial, in this case Palmer has admitted all relevant facts and has only made a legal challenge to the sentence enhancement. Accordingly, we conclude that Palmer left no work for a jury to perform, as juries serve only as fact-finders, not law-makers or interpreters. Because we resolve this case on the threshold requirement of a factual dispute, we do not review the court of appeals' analysis, but instead vacate it.

■ ¶ 11 Palmer challenges his felony conviction by contending that the conviction violated his state and federal constitutional rights to a jury trial. Article I section 12 of the Utah Constitution guarantees that "[i]n criminal prosecutions the accused shall have the right ... to have a speedy public trial by an impartial jury...." [13] Likewise the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." [14] And "[t]he Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without 'due process of law.' " [15] Together these amendments "give[ ] a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." [16] In the context of the right to a jury trial, an element is defined as a " 'fact necessary to constitute the crime.' " [17]

■ ¶ 12 During sentencing, after a defendant has been charged and convicted, he continues to have the right to a jury determination of "any fact (other than [a] prior conviction) that increases the maximum penalty for [the] crime." [18] There is no federal constitutional right to have a jury determine at sentencing the factual question of whether there was a prior conviction because the right to a jury trial was satisfied when the defendant was originally convicted.[19] But

10. *State v. Palmer,* 2008 UT App 206, ¶¶ 2, 10, 189 P.3d 69.

11. The court of appeals did not reach the question of whether Palmer's state constitutional right to a jury trial was violated because the court determined that Palmer failed to adequately brief this issue. *Palmer,* 2008 UT App 206, ¶ 7 n. 4, 189 P.3d 69. The State argues before us that Palmer failed to preserve this issue in the trial court. Because we resolve this case on the ground that Palmer has failed to raise a question of fact, an essential aspect to any jury-trial right, we do not reach the issue of whether Palmer's state constitutional argument is properly before us.

12. *See Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

13. Utah Const. art. I, § 12.

14. U.S. Const. amend. VI.

15. *United States v. Gaudin,* 515 U.S. 506, 509–10, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (quoting U.S. Const. amend. V).

16. *Id.* at 511, 115 S.Ct. 2310.

17. *Almendarez–Torres v. United States,* 523 U.S. 224, 240, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (quoting *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)); *see also United States v. Booker,* 543 U.S. 220, 230, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (stating that together the Fifth and Sixth Amendments "protect[ ] every criminal defendant 'against conviction except upon proof beyond a reasonable doubt of every *fact necessary to constitute the crime* with which he is charged.' " (emphasis added) (quoting *In re Winship,* 397 U.S. at 364, 90 S.Ct. 1068)).

18. *Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

19. *Id.* at 329–30, 119 S.Ct. 1215; *see also Almendarez–Torres,* 523 U.S. at 226, 118 S.Ct. 1219 (concluding that a provision that enhanced a prison sentence from two to twenty years did not create a jury question when the enhancement was based solely on a prior "conviction for com-

the right to have a jury determine facts that have not been previously determined by a jury and that increase the maximum sentence remains intact at sentencing, regardless of the label that the legislature applies to the facts. If, for ·example, the legislature labels these additional facts as "sentencing factors" rather than "elements," the facts "must [still] be found by a jury beyond a reasonable doubt." [20] Thus, the right to a jury trial is implicated not only when the government seeks to convict a defendant of a particular crime but also "whenever a judge seeks to impose a sentence that is not solely based on 'facts reflected in the jury verdict or admitted by the defendant.' "[21]

▇▇▇ ¶ 13 Though the federal constitution does not afford Palmer the right to have a jury determine the factual question of whether there were prior convictions, the court of appeals is correct in concluding that it is within the legislature's power to create a statutory right to a jury determination on that factual question.[22] The legislature can do this by making the prior convictions an element of a separate offense.[23] Indeed, it is the role of the legislature to "choose the elements that define their crimes." [24] Thus, if the legislature chooses, it may make the fact of a prior conviction an element of a crime.

▇▇▇ ¶ 14 But the legislature is not empowered to expand the role of the jury beyond fact-finders. Indeed, the United States Supreme Court, analyzing this issue in 1895, stated that "mischievous consequences ... would flow from" permitting juries to answer questions of law.[25] What one jury may "declare constitutional today another jury may declare unconstitutional tomorrow." [26] Thus, it is the role of the judge to "instruct the jury on the law and to insist that the jury follow his [or her] instructions." [27] It is the role of the jury to find facts and apply them to the judge's instructions on the law.[28] Thus, a defendant does not have the right, constitutional or statutory, to a jury trial when only "pure questions of law" need to be decided.[29]

---

mission of an aggravated felony" (internal quotation marks omitted)).

Further, it is often appropriate to keep out "evidence of a defendant's prior crimes" because the introduction of such evidence "risks significant prejudice" to the defendant. *Almendarez–Torres*, 523 U.S. at 235, 118 S.Ct. 1219.

We do not determine at this time whether the Utah Constitution guarantees a right to have a jury determine the factual question of whether there was a prior conviction. Our decision in *State v. Harris* seems to indicate that it may. 1 Utah 2d 182, 264 P.2d 284 (1953). We do not reach this issue because Palmer never raised a factual issue regarding his prior conviction; thus the protection potentially afforded by the Utah Constitution was not implicated.

**20.** *Ring v. Arizona*, 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

**21.** *Booker*, 543 U.S. at 232, 125 S.Ct. 738 (quoting *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)).

**22.** *See State v. Palmer*, 2008 UT App 206, ¶ 10, 189 P.3d 69.

**23.** *Almendarez–Torres*, 523 U.S. at 228, 118 S.Ct. 1219 ("We ... look to the statute before us and ask what [the legislature] intended. Did it intend the ... prior ... conviction ... to help define a separate crime? Or did it intend the presence of an earlier conviction as a sentencing factor, a factor that a sentencing court might use to increase punishment?").

**24.** *Jones v. United States*, 526 U.S. 227, 241, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

**25.** *Sparf v. United States*, 156 U.S. 51, 71, 15 S.Ct. 273, 39 L.Ed. 343 (1895).

**26.** *Id.* at 73, 15 S.Ct. 273.

**27.** *United States v. Gaudin*, 515 U.S. 506, 513, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).

**28.** *Winans v. Denmead*, 56 U.S. 330, 338, 15 How. 330, 14 L.Ed. 717 (1854) ("[A] question of law" is "to be determined by the court.... [A] question of fact" is "to be submitted to a jury."); *see also Blakely v. Washington*, 542 U.S. 296, 313, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (analyzing the Sixth Amendment and stating that "every defendant has the right to insist that the prosecutor prove to a jury all *facts* legally essential to the punishment" (emphasis added) (emphasis omitted)); *Judd ex rel. Montgomery v. Drezga*, 2004 UT 91, ¶ 34, 103 P.3d 135 ("[Q]uestions of fact are distinctly within the jury's province," but "it is up to the court to conform the jury's findings to applicable law.").

**29.** *Gaudin*, 515 U.S. at 513, 115 S.Ct. 2310 (emphasis omitted); *see also Sparf*, 156 U.S. at 99, 15 S.Ct. 273 (stating that it is not the role of jurors to "respond to questions of law").

¶ 15 In this case, Palmer has not asked that the jury determine the fact of his prior conviction; that is, he has not asked to have a jury determine whether he was previously convicted of two DUIs. Rather, he has sought to have a jury determine the legal rule governing when his conviction took place, whether at the time of pleading guilty or at the time of sentencing. Because we determine that this is a pure question of law, which cannot implicate the right to a jury trial, we do not reach the issue of whether a defendant who does raise a factual question regarding his prior DUI convictions has a Utah Constitutional or a statutory right to a jury determination on that issue.

¶ 16 "Factual questions are generally regarded as entailing the empirical, such as things, events, actions, or conditions happening, existing, or taking place, as well as the subjective, such as state of mind." [30] Questions of law are "essentially [questions] of rules or principles uniformly applied to persons of similar qualities and status in similar circumstances." [31]

¶ 17 The question at issue in this case is whether a conviction occurs when the defendant pleads guilty or when the defendant is sentenced. The parties did not disagree regarding the dates of the guilty plea or the sentencing. Indeed, Palmer admitted that he would have three DUI convictions in ten years, and qualify for the sentence enhancement, if the conviction of his first DUI occurred when he was sentenced. Thus, he only disagreed regarding the legal definition of "conviction." The question asks the court to answer when a conviction occurs—the answer to this question is uniformly applicable. The answer does not depend on particular circumstances, events, actions, conditions, or a state of mind. Rather, the answer is universally applied to the common practice of defendants entering guilty pleas and subsequently being sentenced. Because Palmer's only contention regarding the application of the sentence enhancement was one of law, he had neither a constitutional nor a statutory right to a jury trial regarding his sentence enhancement.

## CONCLUSION

¶ 18 Essential to the right to a jury trial is the existence of a fact in dispute for the jury to determine. The right to a jury determination is not implicated when there is only a legal dispute. Because Palmer challenged only the legal "definition of conviction" and not a factual issue, he did not have a right to have a jury determine his guilt under the DUI recidivism enhancement provision. Accordingly, we affirm the result of the court of appeals opinion, but we vacate the court's reasoning.

¶ 19 Chief Justice DURHAM, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice DURRANT'S opinion.

**30.** *State v. Pena,* 869 P.2d 932, 935 (Utah 1994) (citing Ronald R. Hofer, *Standards of Review—Looking Beyond the Labels,* 74 Marq. L.Rev. 231, 236 (1991)).

