IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100947‑CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (August 23, 2012) |
| Michelle Ann Cox, | ) | |
| | ) | 2012 UT App 234 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 101901166
The Honorable Robert P. Faust

Attorneys:   Stephen W. Howard, Salt Lake City, for Appellant
             Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Roth.

ROTH, Judge:

¶1     Michelle Ann Cox appeals from her convictions for forgery and theft by deception on the basis that Jury Instruction 33 unconstitutionally shifted the burden of proof for an element of each of the crimes to the defense. She also asserts that the theft by deception conviction should have been sentenced as a class B misdemeanor rather than as a class A misdemeanor. We affirm the convictions but remand for resentencing on the theft by deception offense.

¶2     Cox did not preserve the jury instruction issue in the trial court, and therefore she challenges it under the doctrines of manifest injustice and ineffective assistance of

counsel. When a claim of error regarding a jury instruction is made for the first time on appeal, appellate courts review the instruction for "manifest injustice." *See* Utah R. Crim P. 19(e) ("Unless a party objects to an instruction or the failure to give an instruction, the instruction may not be assigned as error except to avoid a manifest injustice."). "Manifest injustice is synonymous with the plain error standard." *State v. Jimenez*, 2012 UT 41, ¶ 20. Thus, to establish manifest injustice, Cox must show that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome."[1] *See State v. Lee*, 2006 UT 5, ¶ 26, 128 P.3d 1179 (internal quotation marks omitted) (establishing standard for plain error review). To prove that she received ineffective assistance of trial counsel, Cox must demonstrate that her attorney's performance was both deficient and prejudicial. *See id.* ¶ 37. To prevail on appeal, Cox must establish all the elements of either test. *See State v. Casey*, 2003 UT 55, ¶ 41, 82 P.3d 1106 ("[I]f any one of th[e three] requirements is not met, plain error is not established."); *State v. Welborn*, 2012 UT App 5, ¶ 5, 268 P.3d 881 ("A defendant has not established ineffective assistance if he fails to demonstrate that both elements have been met.").

---

[1]We recognize that "'with respect to certain federal constitutional errors, . . . the State [bears] the burden of proving that the error was harmless beyond a reasonable doubt.'" *In re M.C.*, 2003 UT App 429, ¶ 28 n.12, 82 P.3d 1159 (omission and alteration in original) (quoting *State v. Verde*, 770 P.2d 116, 121 n.8 (Utah 1989)). Although Cox asserts that the jury instruction shifted the burden of proof in violation of her due process rights, "[s]he cites only the [manifest injustice/]'plain error' test . . . and does not otherwise argue that the reasonable doubt standard applies to h[er] due process argument." *See id.* Because both parties limit their arguments to the most basic sort of manifest injustice/plain error analysis, without taking into account the more complex constitutional implications that may also inhere in the circumstances, we believe it unwise to extend our analysis into that realm on our own. *See generally State v. Davie*, 2011 UT App 380, ¶ 16, 264 P.3d 770 (noting that appellate courts generally decline to consider issues where the burden of research and advocacy has shifted to the court). "Therefore, consistent with [Cox]'s position as set forth in h[er] brief, we apply the usual [manifest injustice/]plain error test . . . ." *See In re M.C.*, 2003 UT App 429, ¶ 28 n.12. The precedential value of this decision is commensurately limited.

¶3      Jury Instruction 33 informed the jury of the affirmative defense the parties have referred to as "honest belief":

> *It is a defense to the charge of theft by deception* that the Defendant:
>
>> (a) acted under an honest claim of right to the property or services involved; or
>>
>> (b) acted in the honest belief that she had the right to obtain or exercise control over the property or service involved; or
>>
>> (c) obtained or exercised control over the property or service honestly believing that the owner, if present, would have consented.
>
> *Evidence of this defense must be presented by the defense,* and if presented, the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged.

(Emphases added.)  The language in this instruction tracks the statutory language in Utah Code section 76-6-402, which sets out the presumptions and defenses available for theft charges generally.  *See generally* Utah Code Ann. § 76-6-402(3) (2008) (outlining the honest belief defense for charges under the "Theft" part of the criminal code); *id.* §§ 76-2-304, -308 (classifying mistake of fact as an affirmative defense).[2]  To assert an affirmative defense, such as honest belief, the "defendant's burden of proof is *quite limited*.  He need not [even] prove the defense . . . by a mere preponderance"; rather, the defendant must only "provide some reasonable basis" in the evidence for giving the instruction.  *State v. Garcia*, 2001 UT App 19, ¶ 8, 18 P.3d 1123 (alteration and omission in original) (emphasis omitted).  Once an affirmative defense has been asserted, the prosecution has the burden of "disprov[ing] the existence of [the] affirmative defense[]

---

[2]We cite to the most current version of the code because the statutes are either unchanged from the version in effect at the time of the events underlying this conviction or were amended in a manner that does not affect this appeal.

beyond a reasonable doubt." *State v. Drej*, 2010 UT 35, ¶ 15, 233 P.3d 476 (internal quotation marks omitted); *see also* Utah Code Ann. § 76-1-502 (explaining that the State is required to negate a defense "[b]y proof [if]. . . [t]he defense is an affirmative defense, and the defendant has presented evidence of such affirmative defense").

¶4     In the case of theft by deception, however, the lack of an honest belief that the defendant was entitled to the property she obtained—which the defendant typically raises as an affirmative defense, thereby shifting the burden to the State to disprove—is actually an element of the crime that the prosecution must prove in the first instance.[3] *See generally* Utah Code Ann. § 76-6-405(2)(a) (Supp. 2012) (defining theft by deception as "obtain[ing] or exercis[ing] control over property of another person *by deception* and with a purpose to deprive the other person of property" (emphasis added)); *id.* § 76-6-401(5)(a)–(b) (2008) (defining deception to include "creat[ing] or confirm[ing] by words or conduct an impression of . . . fact that is false and *that the actor does not believe to be true* and that is likely to affect the judgment of another" or failing to correct such an impression when "the actor does not now believe [that impression] to be true" (emphasis added)).  In other words, the State had to affirmatively prove beyond a reasonable doubt that, when Cox presented the check for $360 at Mountain America Credit Union, she created an impression, *which she knew was false,* that she was authorized to cash the check and receive the funds.  Requiring Cox to put on evidence of the affirmative defense of honest belief therefore improperly shifted to the defense the State's affirmative burden to present evidence proving that Cox used deception.  *See generally Drej*, 2010 UT 35, ¶ 14 (noting that it is a "basic constitutional principle that the state must prove 'every fact necessary to constitute the crime with which [the defendant] is charged'" (alteration in original) (quoting *In re Winship*, 397 U.S. 358, 364 (1970))).  Therefore, honest belief is not an affirmative defense to theft by deception, though it may be to other theft crimes.  *See id.* ¶ 20 (cautioning that constitutional requirements cannot be disregarded simply because the "[statutory] language . . . belies a statute's actual function"); *cf. State v. Palmer*, 2009 UT 55, ¶ 12, 220 P.3d 1198 (noting that in a case where the state was seeking to enhance the penalty for a crime, the constitution required that the state still bear the burden of proving the enhancement facts beyond a reasonable doubt, even though those facts were labeled by statute as

---

[3]The issue presented for appeal is whether Jury Instruction 33 unconstitutionally shifted the burden of proof with regard to this element only.

"sentencing factors"). Thus, in this regard, the instruction to the jury that "[e]vidence of this defense must be presented by the defense" was erroneous.[4]

¶5      We need not decide whether the error was obvious or invited,[5] or whether counsel was deficient in failing to object to it because we conclude that the error was harmless. "The concept [of burden of proof] encompasse[s] two distinct burdens: the burden of persuasion . . . and the burden of production . . . ." *Schaffer v. Weast*, 546 U.S. 49, 56 (2005); *Searle v. Milburn Irrigation Co.*, 2006 UT 16, ¶ 49 n.2, 133 P.3d 382 ("[B]urden of proof is a catchall term that encompasses both the burden of persuasion and the burden of production and generally refers to '[a] party's duty to prove a disputed assertion or charge.'" (second alteration in original) (quoting *Black's Law Dictionary* 190 (7th ed. 1999))). The burden of production refers to "'[a] party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder.'" *Searle*, 2006 UT 16, ¶ 49 n.2 (alteration in original) (quoting *Black's Law Dictionary* 190

---

[4]Cox argues that Jury Instruction 33 shifted the burden of proof for the forgery offense as well. We are not persuaded. First, as a general matter, the statute containing the defense provides that honest belief "is a defense under this part [4]" of title 76, chapter 6 of the Utah Code, the part of the criminal code that governs "Theft." *See* Utah Code Ann. § 76-6-402(3) (2008). Forgery is not a crime under the Theft part but is defined in part 5 of title 76, chapter 6, which is titled "Fraud," so the honest belief defense does not appear to be applicable to forgery under the statutory scheme. *See id.* § 76-6-501 (Supp. 2012). More directly pertinent to the circumstances of this case, the challenged instruction explicitly limits the honest belief defense to the theft by deception charge: "It is a defense to the charge of theft by deception . . . ." And Jury Instruction 33 immediately follows the elements instruction for theft by deception (Jury Instruction 32) in the sequence of jury instructions, rather than the forgery instruction, which was given as Jury Instruction 31. Thus, by its terms, instruction 33 applied only to theft by deception, and it is highly unlikely, in the context of the instructions as a whole, that the jury could have considered it to be applicable to the forgery count as well.

[5]The State contends that Cox invited the error because her attorney gave "[n]o verbal response" when asked by the district court if she "ha[d] anything else [she] wanted to add" after the State indicated that it had no objections to the jury instructions as the court had compiled them.

(7th ed. 1999)). The burden of persuasion is "'[a] party's duty to convince the fact-finder to view the facts in a way that favors that party.'" *Id.* (alteration in original) (quoting *Black's Law Dictionary* 190 (7th ed. 1999)).

¶6     When a person is charged with a criminal offense, the State bears the entire burden of proof with respect to each element of the charged offense, and the State fulfilled that burden with respect to the theft by deception charge here, including the element that Cox did not have an honest belief that she was entitled to the check and the funds it represented, as to which the State presented substantial evidence. The State produced the testimonies of Officer Brendon Kirkwood and the check fraud investigator at Mountain America to establish this element. Officer Kirkwood's testimony consisted largely of his account of Cox's inconsistent explanations to him of how she came into possession of the check. The officer testified that Cox first claimed that she received it from her neighbor as payment for salon services Cox provided for a party of twelve, but after her supervisor failed to verify that story, Cox claimed that her neighbor asked her to cash the check, which the neighbor had received in exchange for pumping gas for an unknown woman. Finally, when the neighbor's bank records did not support the gas payment story, Cox stated that her neighbor asked her to cash the check, which the neighbor told her was written by her mother, because the neighbor had account issues that prevented her from drawing the funds herself. Officer Kirkwood also testified that Cox informed him that when she received the check, she "filled out her name on the—to pay to the order of, and then the [written] amount." The check fraud investigator testified that the endorsement "signature [on the back of the check] of Michelle Cox more closely resembles the written out Michelle Cox on the payee line [on the front of the check]." Thus, even though Jury Instruction 33 incorrectly informed the jury that it was the defendant's burden to produce evidence of honest belief, the State, in fact, had produced in its case-in-chief sufficient evidence of a lack of honest belief to send the theft by deception charge to the jury.[6] *See generally*

---

[6]Furthermore, Cox herself put on evidence that she honestly believed that she was entitled to the funds, taking the stand to explain the apparent inconsistences in her stories and to offer the basis for her belief. Thus, even if the jury expected evidence from the defense due to the error in Jury Instruction 33, it received it. Cox's decision to take the stand does not appear to have been influenced by the erroneous jury instruction. Her attorney represented to the court as the trial began that she was

(continued...)

*id.* (noting that the burden of production refers to "'[a] party's duty to introduce enough evidence on an issue to have the issue decided by the fact-finder.'" (alteration in original) (quoting *Black's Law Dictionary* 190 (7th ed. 1999))).

¶7     Further, despite its erroneous description of the burden of production, Jury Instruction 33 is clear about who bears the burden of persuasion. It provides, "[I]f [honest belief evidence is presented,] the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged."[7] What it means to bear the burden of proof is adequately defined in Jury Instruction 33 and in other instructions given to the jury.

¶8     Because the State bore its burden of proof with regard to production despite the error in the instruction and because the jury was properly informed that the State had the burden of persuasion beyond a reasonable doubt, Jury Instruction 33's error in allocating the burden of production was harmless. *See generally State v. Lee*, 2006 UT 5, ¶ 26, 128 P.3d 1179 (stating that an error is harmful for purposes of establishing plain error only if "absent the error, there is a reasonable likelihood of a more favorable outcome" (internal quotation marks omitted)); *State v. Dunn*, 850 P.2d 1201, 1225 (Utah 1993) ("Th[e] prejudice test [for ineffective assistance of counsel] is equivalent to the harmfulness test we apply in determining plain error."). We therefore affirm the theft by deception conviction. We also affirm the forgery conviction because Cox has presented no adequate basis for challenging it on appeal, *see supra* ¶ 4 note 3.

¶9     With regard to the sentencing issue, the State concedes that because Cox was sentenced on November 8, 2010, eight days after the effective date of a legislative reclassification of the severity of theft offenses that changed the penalty applicable to a theft by deception charge involving $360, such as the one at issue here, from a class A misdemeanor to a class B misdemeanor, she is entitled to the lesser sentence. *See* Utah

---

[6](...continued)
"almost 100 percent sure" that Cox would testify, and Cox does not argue on appeal that she would not have done so or would have conducted her defense differently in the absence of the erroneous instruction.

[7]Indeed, Cox seems to have overlooked this last part of Jury Instruction 33, not having mentioned it in her briefing.

Code Ann. § 76-6-412(1)(d) & amend. notes (Supp. 2012) (classifying a theft involving property worth less than $500 as a class B misdemeanor as of November 1, 2010); *State v. Yates*, 918 P.2d 136, 138 (Utah Ct. App. 1996) (noting that Utah law clearly entitles a defendant "to a lesser sentence when the legislature reduces the penalty for the crime charged in the interim between commission of the offense and sentencing"). As a result, we remand for resentencing of the theft by deception conviction in accordance with the applicable law.

_____
Stephen L. Roth, Judge

-----

¶10    I CONCUR IN THE RESULT:

_____
Carolyn B. McHugh,
Presiding Judge

-----

VOROS, Associate Presiding Judge (concurring in part and concurring in the result in part):

¶11    I concur in the lead opinion with respect to the sentencing issue. With respect to the issue concerning burden of proof, I concur in the result only. On that issue, I would affirm on the ground that the appeal is inadequately briefed.

¶12    An adequately briefed argument must "contain the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and

parts of the record relied on." Utah R. App. P. 24(a)(9). "'Implicitly, rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority.'" *State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820 (quoting *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998)). An issue is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court." *Thomas*, 961 P.2d at 305.

¶13 Cox here challenges a jury instruction. Jury instructions must be read and evaluated as a whole. *State v. Johnson*, 774 P.2d 1141, 1146 (Utah 1989). And, "if taken as a whole they fairly instruct the jury on the law applicable to the case, the fact that one of the instructions, standing alone, is not as accurate as it might have been is not reversible error." *State v. Lucero*, 866 P.2d 1, 3 (Utah Ct. App. 1993) (citing *State v. Brooks*, 638 P.2d 537, 542 (Utah 1981)).[1]

¶14 Cox contends that Jury Instruction 33 required her to present evidence that she had an honest belief that the check was legitimate and thus "unconstitutionally shifted the burden of proof to the defendant." The particular sentence to which Cox objects reads as follows: "Evidence of this defense must be presented by the defense, *and if presented, the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged.*" (Emphasis added.) In eighteen pages of argument in her opening brief, Cox never acknowledges the existence of the italicized portion of this sentence. She thus argues that a jury instruction stating that "the State retains its burden of proof beyond a reasonable doubt on all elements of the offense charged" unconstitutionally shifted the burden of proof from the State to the defendant.

¶15 Given the well-established rules for analyzing jury instructions cited above, I do not think we ask too much by requiring an appellant to analyze not just the portion of the sentence she claims violates her constitutional rights, but the whole sentence. By

---

[1]In addition, when considering a constitutional challenge that an ambiguous instruction misled the jury, the proper inquiry is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)).

not doing so here, Cox has shifted the burden of argument and analysis to this court.[2]  I would affirm on that ground alone.

_____

J. Frederic Voros Jr.,
Associate Presiding Judge

_____

[2]Central to that analysis, in my view, is determining what standard of harmlessness applies, and who bears the burden of proof, when a claim of constitutional error is raised within the plain error context.  The lead opinion declines to address this issue, and Utah case law is not entirely clear on the point.  *Compare State v. Cruz*, 2005 UT 45, ¶ 18, 122 P.3d 543 (declining to decide whether plain error review applies to claims of structural error in jury instructions, but noting that under federal law an appellant claiming constitutional error "who did not object at trial may only argue plain error or ineffective assistance of counsel on appeal and thus must prove prejudice"), *and State v. Malaga*, 2006 UT App 103, ¶ 11, 132 P.3d 703 (stating in context of a challenge to jury instructions that under the ineffective assistance of counsel exception to preservation, defendant has the burden of demonstrating prejudice even for structural errors), *with State v. Maestas*, 2012 UT 46, ¶¶ 158–65, — P.3d — (rejecting claim of prosecutorial misconduct under plain error review because any error was harmless beyond a reasonable doubt), *State v. Ross*, 2007 UT 89, ¶ 54, 174 P.3d 628 (stating in plain error context that "[i]f prosecutorial misconduct is established, the State must show that the error was harmless beyond a reasonable doubt"), *State v. Duran*, 2011 UT App 254, ¶ 13, 262 P.3d 468 (applying harmless-beyond-a-reasonable-doubt standard to plain error review of state witness's comment on defendant's invocation of right to remain silent), *and In re M.C.*, 2003 UT App 429, ¶ 28 n.12, 82 P.3d 1159 (stating in dicta in plain error context that "'with respect to certain federal constitutional errors, . . . the State [bears] the burden of proving that the error was harmless beyond a reasonable doubt'" (alteration and omission in original) (quoting *State v. Verde*, 770 P.2d 116, 121 n.8 (Utah 1989))).

In any event, as the lead opinion points out in footnote 6, by the time the jury here was instructed that "[e]vidence of this defense must be presented by the defense," Cox had in fact presented evidence of the defense.  *See supra* ¶ 6 n.6.  Accordingly, it appears to me that any error, constitutional or otherwise, was not only harmless, and harmless beyond a reasonable doubt, but harmless beyond all possible doubt.

20100947-CA                                   10